# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,
PLAINTIFF,

V. CA. No. 05-415T

ASHBEL T. WALL, DIRECTOR, R.I. DEPT. OF CORRECTIONS, JOSEPH DINITTO, ASSOCIATE DIRECTOR, R.I. DEPARTMENT OF CORRECTIONS, AND THOMAS SULLIVAN, CLASSIFICATION MEMBER, R.I. DEPARTMENT OF CORRECTIONS.
DEFENDANTS.

## CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

this is a Civil Rights Action Filed by the Plaintiff against the Rhode Island Department of Corrections (RIDOC), And Certain individual Prison officials alleging that Certain Conditions And Practices of the RIDOC's officials deprived Plaintiff of liberty, Subjected him to Cruel

And unusual Punishment, deprived him of liberty interest and Constitutional and Civil Rights without due Process of law. Plaintiff bring this Civil Rights Action to Redress the deprivations under Color of State law of Rights, Privileges, and immunities secured to him by Provisions of the eighth and Fourteenth Amendments to the United States Constitution and Rhode Island Constitution. Plaintiff seeks injunctive and declaratory Relief, Compensatory and Punitive damages and jury trial on all issues triable by jury.

## JURISDICTION

this Court has Jurisdiction over the Plaintiff's Claims under 42 U.S.C. 1331 and 1343, the substantive claims herein arise under 42 U.S.C. 1983, and the Eighth and Fourteenth Amendments of the United States Constitution, the Pending Jurisdiction of this Court is also invoked.

## PARTIES

1. At all times herein material, Plaintiff, Bernardo Figueroa, was and continue to be sentenced to the Custody, Care and Control of the R.I.D.O.C., and Presently incarcerated hostage in Virginia Supermaximum Securities Facilities Pursuant to an involuntary transfer, to Punishing him for exercising his First Amendment Rights and to Prevent

him FROM Pursuing his claims.

2. At all times herein material, defendant Ashbel T. Wall was and have been Director of RIDOC, Pursuant to R.I. Gen. Laws 42-56-10 (v), he is Responsible for the Promulgation and implementation of all administrative directives, Policies, Practices and Procedures of the RIDOC. and for the safety and Welfare of the Plaintiff and all inmates sentenced to the care and custody of the RIDOC. Defendant Wall was Willful deliberate indiferent to Plaintiff's health and safety While Confined in Virginia. and therefore, he is sued in his individual and official capacity.

3. At all times herein material defendant Joseph DiNitto was and have been Associate Director of Classification of the RIDOC. He is Responsible for the Classification of all inmates sentenced to the RIDOC. and for all matter Concerning Rhode Island inmates confined in out-of-state facilities under the interstate Corrections Compact Agreement. defendant DiNitto was and Continue to be Willful deliberate indifferent to the Physical and Mental Abuses Plaintiff have been subjected after he was transferred to Virginia Prison. Defendant DiNitto is sued in his individual and official capacity.

4. At all times herein material, defendant thomas sullivan was and have been employed by RIDOC and is member

of the Classification Department. Part of his job Responsibility is to sit as Chairmen of the Classification board at the R.I.A.C.I. He was the Chairmen of all Plaintiff Classification hearing Review after he was Transferred to Virginia. defendant Sullivan violated Plaintiff's Right as guaranteed to him by the Fourteenth Amendment to the United States Constitution. and the Morris Rules so-called in the Procedures and Conduct of Classification actions and Proceedings brought against the Plaintiff Without Justificable Cause and and Procedural Protection. Defendant Sullivan is sued in his individual and official capacity.

## FACTS

5. On October 29, 1998, the Plaintiff and Rhode Island Prison Officials agreed to settle a case he had Pending at that time by arranging for the Plaintiff to be transferred to a Confinement Facility Located in the State of New Jersey

6. On December 1998, during a status Conference held before U.S. Magistrate Judge Jacob Hagopian Concerning Plaintiff out-of-state Transfer. defendants' Counsel i.e., Michael Grant brought out that R.I.D.O.C.'s Officials has secured a Confinement Facility in the Commonwealth State of Virginia to Transfer the Plaintiff. immediately and strongly Plaintiff objected

to be transferred to Virginia or New Mexico. All this is on record in this Court.

7. On August 5, 1999 the Plaintiff was involuntarily and by force transferred to Virginia Prison knowing that the Prison conditions are dangerous, unsafe and life-threatening and hostile to out-of-state inmates, just to punishing him for exercising his First Amendment Rights and to prevent him from pursue his legal claims.

8. Do to the cruelty Plaintiff have been experiencing in Virginia Prison on a continuing basis. beginning on June 2000, Plaintiff repeatedly wrote to the defendants explaining to them in detail the physical and mental abuse he have been subjected, that his health and safety is at serious risk of harm and damages, requesting to be relocated outside of Virginia jurisdiction. the defendant rather than take corrective action, maliciously and sadistically contacted Virginia Prison officials and told them that RIDOC's position is not to have the Plaintiff relocated outside of Virginia under any circumstance to please help them with this matter.

9. the Plaintiff was initially confined in the basement of N-Building at the Virginia P.C.C. after being subjected to physical assault and vicious physical punishment, on March 2, 2000, he was transferred to the Virginia Wallens

Ridge State Prison. After being denied medical and dental care and subjected to cruel and inhumane treatment, on September 26, 2001, he was transferred to the Virginia Sussex 1. State Prison, and after being sadistically brutalized terrorized and subjected to all kinds of unconstitutional condiction, Plaintiff was again transferred to the notorious and deadly Virginia Red Onion State Prison on September 26, 2003, where he currently remains segregated at the direction of the defendants

10. Since June 27. 1997. Plaintiff has been confined to segregation, isolation and sensory deprivation units in supermaximum security facilities, for the past eight years he have been confined to a cells painted completely white and illuminated 24. hour a day. 23 to 24 hours a day and only allowed three ten minutes cage showers per week, and four or five 60 minutes cage like a dog's kennels Rec. per week, and every-time when leaving the cell he is handcuffed behind the back and leg shackled and escorted by prison guards.

11. Plaintiff has had no work opportunities, no educational opportunities and no vocational programs for over eight years, and the defendants have not devised a treatment or Rehabilitation Programs for him as required by both the Morris Rules and R.I. Gen. Law 42-56-29.

12. Plaintiff is not allowing telephone and visiting privileges, and not permitted to attend religious services. Nor has he been allowed access to the law library and Rhode island state laws which are not available to him in Virginia Prison.

13. Since June 27, 1997, defendants have been classifying Plaintiff to High security "C" status which is segregation, isolation and sensory deprivation in Virginia Prison, resulting in he lose his eligibility for parole release. For the past eight years defendants have been reviewing Plaintiff's status every ninety days, and each time reclassifies him "C" status without any notification, without him being present, without the opportunity to be heard and present information and evidence and or to call and examine witnesses concerning the reasons why he continue being reclassified to "C" status for over eight years.

14. Despite the fact that Plaintiff is not a gang member and never have been one, and have never received a disciplinary report of violent nature and never have displayed any aggressive or assaultive behavior toward staff or inmate. defendant Dinitto every ninety days sent letters to Virginia Prison officials indicating that Plaintiff Figueroa remains classified High security "C" status by RIACI classification board.

15. Defendant had Plaintiff segregated in supermaximum security facilities for over eight years without any justificable cause or procedural protection and without systematic plan for rehabilitation, and whether or not rehabilitation programs are constitutionally mandated, the fact remain that they are required under Rhode Island law for all R.I. inmates regardless of their classification status and place of confinement.

16. the defendants not only failed to provide Plaintiff with entitlement due a Category "C" inmates, but they have employed inappropriate criteria if any in continuing to classify him in Category "C". Their rules specify that only inmates whose conduct indicates a chronic inability to ajust to general prison population, or who require protection, or who constitutes serious threats to the security of the institution. the Plaintiff have been booking free for over two years and do not meet these criterias. he is assigned to segregation for what have been done to him i.e.; medical experiments and the devices that have been implanted inside his ears canal. and the defendants are trying to cover up their unconstitutional actions

17. Plaintiff had a serious ear condition caused by the implanted devices. he also had a serious eye condition due to a progressive Pterygium and as a result of being confined 23 to 24 hours a day in cell illuminated

24 hours a day he have been diagnosed with macular degeneration, and Virginia medical staff have denied and continue to deny Plaintiff the require necessary medical attention and treatment needed to correct his serious condition, and denied him access to needed dental care.

18. Plaintiff have repeatedly informed defendant of his serious medical conditions and that Virginia medical and prison staff has set out on a course of conduct intentionally denying him access to needed medical and dental care. and rather than take action to correct this serious matter defendants continue disregarding an excessive risk to plaintiff's health.

19. Since his placement in Red Onion State Prison the plaintiff is often confined into filthy feces-smeared cells that formely housed psychiatric patients.

20. Since January 2005. Plaintiff have been confined in cells next to psychiatric patients whose scream, beat on metal toilet, flood the cells, throw feces and kicking cells' door resulting in his loss of sleep for days at time.

21. Prison guards maliciously and sadistically slamming

doors next to Plaintiff's cell. beat on his door during night time. not only to wake him up and disturbe his sleep, but to achieve physical and psychological welfare objective.

22. these malicious and sadistic acts have subjected plaintiff to sleep deprivation, and deprived him of cleanliness. and peace of mind.

23. Every day the plaintiff is repeatedly and unnecessarily strip-searched, restrained, pat-down searched, cell searched, intimidated, humiliated, provoked and threatened with abuse and injury by racist prison guards.

24. Since his placement in Red Onion state Prison the plaintiff have been sadistically brutalized terrorized, physically mentally and psychologically tortured, subjected to physical assault and vicious physical punishment, starved and other serious unconstitutional conditions.

25. Beginning on october 2003, Plaintiff repeatedly wrote to the defendants explaining to them in detail the physical and mental abuse he have been subjecte at the Virginia Red Onion state prison on a continuing basis. Requesting to be relocated outside of Virginia

Jurisdiction, and or returned to the R.I.A.C.I. defendants with willful deliberate indifference to the risk that plaintiff had suffered and will continue to suffer serious physical injury or death at the hands of Virginia prison guards refused to take corrective action

26. Plaintiff wrote to the defendants asking about the reason why he cannot be returned to the RIACI and or relocated outside of Virginia jurisdiction in response defendant stated that plaintiff have enemy in the A.C.I. and that Virginia officials reported to them that they investigated plaintiff's complaints and were unfounded. the fact is that plaintiff do not had any enemy in the RIACI and not investigation have been conducted by Virginia prison officials concerning plaintiff complaint and the defendant know

27. the defendants not only knows of these unconstitutional condition the plaintiff is being subjecte but are directing these evil, malicious and sadistic acts against the plaintiff without any legal or penological justification.

28. As a further result of the acts and omissions of the individual defendants, the plaintiff has suffered injuries to his health and mental-wellbeing suffered severe

depression, mental anguish, and was otherwise injured suffering great pain of body and mind including but not limited serious depression and other serious injuries both phisical and emotional.

29. All of the above acts and omissions carried out by the RIDOC, its agents and or servants were willful, wanton and reckless, carried out with total disregard for the lawful rights of the plaintiff and in complete derogation of the plaintiff civil and constitutional rights and the rules and regulation promulgated for the protection of the plaintiff and all other RIDOC inmates.

30. the defendants individually and collectively acted in willful violation of the federal constitution, the laws of the united states, the Morris rules so-called and other laws made and provided applicable to the herein enumerated factual circumstances all to the damages and damnification of the plaintiff.

## LEGAL CLAIMS

Paragraphs 1 through 30 are incorporate herein by reference

## COUNT-I

the acts and omissions of the defendants as set forth in

Paragraphs 14-18 of the Within complaint violated Plaintiff's Rights and numerous Provisions of the Regulation governing Classification Procedures at R.I.A.C.I. these Regulation are best known as the Morris Rules. See Morris v. Travisono, 499 F. Supp. 149 at 164, 165, 166, 167. these Regulations established Rules of law Which must be followed by defendants. the defendants Flagrantly deprived Plaintiff of these Rights and due Process safeguards as follows:

Section B. of Classification Procedures Provides: an inmate shall receive timely Written notice. said notice shall indicate Why and also inform the inmate of his Right to be assisted by a Counselor at the classification meeting. this Provisions Was not Followed by defendant Sullivan. As a Result of this failure Plaintiff Was denied due Process of law.
Section C (6). Provides the inmates shall have Right to Present all Pertinent information to the board. including the Right to Reasonable call and examine Witnesses. this Provision Was not Followed by the defendants.
Section C (7) Provides: the board shall discuss With the inmate any Contemplation of Classification change and the Reasons therefor this Provision Was not followed by the defendants.

The numerous and Flagrant deprivations of the Provisions of the Regulation governing Classification Procedures at the R.I.A.C.I. Which must be followed by the defendants, but were not subjected Plaintiff to cruel and unusual Punishment and deprived him of liberty interest Without due Process of law.

# COUNT-II

the acts and omissions of the defendants as set forth in Paragraphs 14-18 of the Within Complaint violates the Order and Prior Consent Judgment of this Court Which established Regulations governing Classification disciplinary and mail Procedures at the RIACI. SEE MORRIS V. TRAVISONO, 499 F. SUPP. 149 (1980).

# COUNT-III

the acts and omissions of the defendants as set forth in Paragraphs 14-18 of the Within Complaint clearly violates due Process of law. Governmental agency i.e.; RIDOC. violates a person's due Process Right when it Render a decision or takes an action Without Complying With its own Regulations. ACCARDI V. SHAUGHNESSY, 347 U.S. 260, 74 S.Ct 499. (1954).

# COUNT-IV

the acts and omissions of the defendants as set forth in the Within Complaint have denyed and continue to deny plaintiff of his Eighth Amendment Right to be free from Cruel and unusual Punishment by maliciously and sadistically Confined him to an unsafe, dangerous and lifethreatening Prison Condition and Willfully and deliberately Refused to Relocated him after being notified and knows that these unconstitutional condition exists in Virginia Prison.

# COUNT-V

the acts and omissions of the defendants as set forth in the within complaint constitutes wilful deliberate indifference to the risk that plaintiff had suffered and will continue to suffer serious physical injury or death at the hands of Virginia prison guards.

Plaintiff's health and safety are at serious risk of harm or death and defendants know of and continue disregarding that serious risk to plaintiff's health and safety. Plaintiff have no adequate and sufficient remedy with which to address the wrong alleged herein and will continue to suffer serious physical injury or death from the unconstitutional conducts of the defendants unless this court grant him the equitable relief prayed forth herein.

# RELIEF REQUESTED

1. that this court issue a preliminary and permanent injuction directing the defendants to immediately arrange to have the plaintiff relocated outside of Virginia jurisdiction

2. that plaintiff be awarded fifty thousand dollars ($50,000.00), in compensatory damages as against the individual defendants jointly and severally.

3. that plaintiff be awarded fifty thousand dollars ($50,000.00), in punitive damages as against the individual

defendants jointly and severally.

4 that Plaintiff be awarded attorney's fees, litigation costs and interest, as against the defendants jointly and severally.

Respectfully submitted.

[signature]

BERNARDO FIGUEROA #272332
RED ONION STATE PRISON
P.O. BOX 1900
POUND, VIRGINIA 24279

CERTIFICATE OF SERVICE

I hereby certifies that on this 1st. day of October 2005. A true copy of the within complaint was mailed to the defendants and their attorneys at R.I.D.O.C. 40 Howard Avenue Cranston, R.I. 02920.

[signature]

BERNARDO FIGUEROA