# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. C.A. No. 05-415 T

ASHBEL T. WALL, ET. AL.

## AMENDED CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

Now Comes the Plaintiff, Bernardo Figueroa, in Pro-se, and Pursuant to Rule 15 (a) Fed. R. Civ. P. Amends his Civil Rights Complaint as Follows:

this is a Civil Rights action Filed by the Plaintiff Bernardo Figueroa against the Rhode Island Department of Corrections (RIDOC), and certain individual Prison Officials, alleging that certain Conditions and Practices of the RIDOC's Officials deprived Plaintiff of liberty, Subjected him to Cruel and Unusual Punishment, deprived him of liberty interest and Constitutional and Civil Rights Without due Process of law. the Plaintiff have bring this Civil Rights Action to Redress the deprivations under Color of State law of Rights, Privileges, and

immunities secured to him by provisions of the eighth and fourteenth amendments to the United States Constitutions. The plaintiff seeks injunctive and declaratory relief, compensatory and punitive damages, and jury trial in all issues triable by jury.

## JURISDICTION

This Court has jurisdiction over the plaintiff's claims under 42 U.S.C. 1331 and 1343, the substantive claims herein arise under 42 USC 1983, and the eighth and fourteenth amendments to the United States Constitution. The pending jurisdiction of this Court is also invoked.

## PARTIES

1. At all times herein materials, plaintiff Bernardo Figueroa, was and continue to be sentenced to the custody and care of the RIDOC, and was confined in Virginia pursuant to an involuntary and retaliatory transfer to punishing him for exercising his First Amendment Rights (he is presently confined at the RIACI for medical attention and treatment) as well as to preventing him from pursuing his claims.

2. At all times herein material, defendant Ashbel T. Wall, was and have been Director of RIDOC, pursuant to R.I. Gen. Laws

42-56-10 (V). he is Responsible for the Promulgation and implementation of all administrative, directives Policies, Practices, and Procedures of the RIDOC, and for the safety and Welfare of the Plaintiff and all inmates sentenced to the Custody of R.I.D.O.C. Defendant Wall was and Continue to be Willful deliberate indifferent to the Physical and Mental abuse Plaintiff have been subjected after he was transferred to Virginia Prison system. Defendant Wall is sued in his individual and Official Capacity.

3. At all times herein material, defendant Joseph A. DiNitto Was and have been Associate Director of Classification, inter-state Correction Compact Administrator, he is Responsible for all matter concerning Rhode Island inmates confined in out-of-state Facilities under the interstate corrections Compact Agreement. Defendant DiNitto Was Willful deliberate indifferent to the Mental and Physical abuses Plaintiff have been subjected after he was transferred to Virginia Prison System. Defendant DiNitto is sued in his individual and Official Capacity.

4. At all times herein material, defendant thomas Sullivan Was and have been employed by the RIDOC, and is member of the RIACI Classification Board, Part of his job Responsibility is to sit as Chairman of the Classification board at the A.C.I. High Security Center, he was the Chairmen of all Plaintiff Classification hearings Review

Since 1998. defendant Sullivan violates Plaintiff's Fourteenth Amendment Right, in the Procedures and Conduct of Classification Actions and Proceedings brought against the Plaintiff Without justificable cause and Procedural Protection. Defendant Sullivan is sued in his individual and official capacity.

## FACTS

5. On June 28, 1997, the Plaintiff Was transferred from Maximum Maximum security General Population to High security Restrictive segregation.

6. On July 7, 1997, Plaintiff sent a Request to Counselor Susan Frio Requesting information about his placement in High security segregation. in her Response of July 7, 1997, Counselor Frio stated that the Plaintiff Was under investigation by the A.C.I. Special investigation Unit (S.I.U).

7. On November 13, 1997, Plaintiff appeared before the Classification board for a hearing Relatives to his Classification status the board Recommendation Was Maximum security general Population Placement. defendant A.T. Wall denied the board Recommendation.

8. On January 21, 1998, again Plaintiff appeared before the Classification board for a hearing Relative to his

Classification status, the board Recommendation was Maximum security Placement. Former Director of RIDOC, George Vose denied the board's Recommendation and ordered that the Plaintiff be classified High Security "C" status. since then Plaintiff have been confined to segregation, isolation and sensory deprivation Units. eight years and eight months

8. On October 29. 1999, the Plaintiff and Rhode island Prison officials agreed to settle a case he have Pending at that time by arranging for the Plaintiff to be transferred to a confinement facility located in the state of New Jersey.

9. On August 5, 1999, the Plaintiff was involuntarily and by force transferred to Virginia known to be unconstitutional unsafety, dangerous and life-threatening Prison Condition, to Punishing him for exercising his First Amendment Rights and to Prevent him from pursuing his claims.

10. the Plaintiff was initially confined in the basement of M-Building at the Virginia Powhatan Correctional Center, and after being subjected to cruel and vicious Physical Punishment, Physical assault and other serious unconstitutional conditions. On March 2. 2000. he was transferred to the Virginia Wallens Ridge state Prison, after being shot with shot gun, denied medical and dental care and subjected to cruel and inhumane treatment, on September 26. 2001, he was transferred to the

Virginia Sussex 1 state Prison, and after being sadistically brutalized terrorized and subjected to cruel and vicious physical punishment, starved and denied medical and dental care, the Plaintiff was again transferred to the notorious and deadly Virginia Red Onion State Prison where he remains segregated in isolation and sensory deprivation units. This case dealing with these unconstitutional conditions at Red Onion State Prison and classification, by Rhode Island Prison Officials

11. Since his placement in Red Onion State Prison the Plaintiff is often confined into filthy feces-smeared cells that formely housed Psychiatric Patients.

12. Since January 2005 through october 2005, Plaintiff was being confined in cells next to Psychiatric Patients whose scream, beat on metal sink and toilet, flood, throw feces, and kicking the cells' doors resulting in his loss of sleep for days at time.

13. At night time Prison guards maliciously and sadistically slaming doors, next to the Plaintiff cell, beat and knocking his cell door, not only to wake him up and disturbing his sleep, but to achieve physical and psychological welfare objectives.

14. These malicious and sadistic acts and actions have

deprived Plaintiff of cleanliness and peace of mind and subjected him to sleep deprivation.

15. Every day Plaintiff is repeatedly and unnecessarily strip searched, restrained, pat-down searched, provoked, cell searched, intimidated, humiliated, harassing, and threatening with abuse and injury by racist prison guards.

16. Since his placement in Virginia Prison the Plaintiff have been physically, mentally and psychologically tortured, sadistically brutalized and terrorized, subjected to starvation, denied medical and dental care, discriminated against, denied visitation and telephone privileges, confined to a cell painted completely white and illuminated 24 hours a day by very brights lights 23 to 24 hours a day.

17. Since June 27. 1997. the Plaintiff have been confined to segregation, isolation and sensory deprivation units and subjected to these cruel and inhumane conditions, for the past eight years and eight months Plaintiff has had no work opportunities, no educational and vocational programs opportunities, and the defendants have not devised a treatment or rehabilitation programs for him as required by R.I. Gen. Laws 42-56-29.

18. IN VIRGINIA PRISON PLAINTIFF IS NOT ALLOWING TELEPHONE AND VISITING PRIVILEGES, AND NOT PERMITTED TO ATTEND OR PARTICIPATE IN RELIGIOUS SERVICES, NOR HAS HE BEEN ALLOWED ACCESS TO LAW LIBRARY, AND RHODE ISLAND STATE LAWS ARE NOT AVAILABLE TO HIM IN VIRGINIA PRISON SYSTEM.

19. FOR THE PAST EIGHT AND A HALF OF YEARS DEFENDANTS HAVE BEEN CLASSIFYING PLAINTIFF TO HIGH SECURITY "C" STATUS IE; SEGREGATION ISOLATION SENSORY DEPRIVATION UNITS IN VIRGINIA PRISON, RESULTING IN HE LOSE HIS ELIGIBILITY FOR PAROLE RELEASE, DURING THESE YEARS DEFENDANTS HAVE BEEN REVIEWING PLAINTIFF'S STATUS EVERY NINETY DAYS, AND EACH TIME RECLASSIFIES HIM H.S. "C" STATUS WITHOUT ANY NOTIFICATION, WITHOUT HIM BEING PRESENT, WITHOUT THE OPPORTUNITY TO BE HEARD AND PRESENT INFORMATION AND EVIDENCE AND OR TO CALL AND EXAMINE WITNESSES CONCERNING THE REASONS WHY HE CONTINUE BEING RECLASSIFIED TO HIGH SECURITY "C" STATUS FOR OVER EIGHT YEARS.

20. DESPITE THE FACT THAT THE PLAINTIFF IS NOT AND NEVER HAVE BEEN A GANG MEMBER, AND HAVE NEVER ATTEMPTED TO ESCAPE, AND RECEIVED NOT BOOKING OF VIOLENT NATURE AND NEVER HAVE DISPLAYED AGRESSIVE OR ASSAULTIVE BEHAVIOR TOWARDS STAFF OR INMATES DEFENDANT HAD AND CONTINUE CLASSIFYING HIM TO HIGH SECURITY "C" STATUS SEGREGATION WITHOUT PENOLOGICAL JUSTIFICATION AND WITHOUT CAUSE OR PROCEDURAL PROTECTION AND WITHOUT ANY SYSTEMATIC PLAN FOR REHABILITATION. WHETHER OR NOT

Rehabilitation Programs are Constitutionally mandated, the Fact Remain that they are Required under Rhode Island Laws. R I Gen. Laws 42-56-29

21. the defendants not only have failed to comply with their own Rules and Regulations, but they have employed inappropriate criteria if any in continuing to classify him in High security "C" category. the Plaintiff have been booking free for over two years.

22. Beginning on June 2000, the Plaintiff Repeatedly wrote to the defendants, explaining to them in detail the Physical and mental Abuse he have been subjected and the cruelty he is experiencing in Virginia Prison on a continuing basis, Requesting to be Relocated outside of Virginia Jurisdiction and or Returned to the R.I.A.C.I. the defendants maliciously and sadistically with willful deliberate indifference to the Risk that Plaintiff had and will continue to suffer serious Physical injury or death at the hands of Virginia Prison guards Refused to Relocate the Plaintiff outside of said unconstitutional unsafety, dangerous and lifethreatening Prison Conditions and to make matter even worse Rhode Island inmates Bradley Petterson and Edwin Rivere who complained about being subjected to unconstitutional conditions in Virginia were Relocated outside

OF VIRGINIA JURISDICTION IMMEDIATELY, INMATE PETTERSON WHO HAD MORE THAN THREE HUNDRED (300) BOOKINGS WAS RELOCARED IN THE STATE OF NEW JERSEY AND EDWIN RIVERA KNOWN AS GANG LEADER WAS RELOCATED IN THE STATE OF NEW HAMPSHIRE.

23. ON OCTOBER 16, 2005, THE PLAINTIFF WAS RETURNED TO THE RHODE ISLAND A.C.I. FOR COURT PROCEEDINGS AND TO RECEIVE MEDICAL ATTENTION AND TREATMENT WHICH IS DENIED TO HIM IN VIRGINIA PRISON AND REGARDLESS OF THESE SERIOUS CIRCUMSTANCES THE DEFENDANTS ARE ARRANGING TO HAVE THE PLAINTIFF TRANSFER BACK TO VIRGINIA PRISON SYSTEM.

24. THE DEFENDANTS NOT ONLY KNOWS OF THESE UNCONSTITUTIONAL CONDITIONS PLAINTIFF HAVE BEEN SUBJECTED AND THAT EXIST IN VIRGINIA, BUT ARE DIRECTING THESE EVIL, MALICIOUS AND SADISTIC ACTS AGAINST THE PLAINTIFF WITHOUT ANY LEGAL OR PENOLOGICAL JUSTIFICATION

25. PLAINTIFF HAVE BEEN DIANOSED AS HAVING AN EYE CONDITION THAT WOULD REQUIRE SURGERY I.E. PTERYGIUN EXCISION AND ALSO HE IS SUFFERING FROM MACULAR DEGENERATION, AND DESPITE THE SERIOUS EYE CONDITION PLAINTIFF HAD, IN VIRGINIA PRISON HE IS CONFINED 23 TO 24 HOURS A DAY IN A CELL PAINTED COMPLETELY WHITE AND ILLUMINATED 24 HOURS A DAY BY DIFFERENTS VERY

bright lights, the Constant exposures to said illumination seriously aggravate his eye serious condition. the defendants know of and continue disregarding an excessive risk to Plaintiff's Health and Physical Well-being

26. As a further Result of the Acts and Actions of the individual defendants, the Plaintiff has suffered injuries to his health and mental Well-being, suffered depression, mental anguish, and was otherwise injured. suffering great pain of body and mind including but not limited to severe depression and other serious injuries. both Physical and emotional.

27. All of the above Acts and Actions carried out by the RIDOC. its agents and or servants were Willful, wanton and Reckless, carried out with total disregard for the lawful Rights of the Plaintiff and in complete derogation of the Plaintiff Constitutional and Civil Rights and other Rules Promulgated for the Protection of the Plaintiff and other inmates.

28. the defendants individually and collectivelly Acted in Willful Violation of the Federal Constitution, The laws of the United States. And other laws made and Provided applicable to the herein enumerated factual circumstances All to the damages and damnification of the plaintiff.

# LEGAL CLAIMS

Paragraphs 1 through 28 are incorporated herein by reference.

## COUNT-I

the acts and omissions of the named defendants as set forth in Paragraphs 1–28 of the within Complaint, have denied and continue to deny Plaintiff of his Right to due Process and equal Protection of law guaranteed to him by the Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

## COUNT-II

the acts and omissions of the named defendants as described in Paragraphs 1-28 of the within Complaint have and continue to subject Plaintiff to cruel and unusual Punishment in contravention of the eighth amendment to the United States Constitution.

## COUNT-III

Defendants' decision to relocate inmates Petterson and Rivera outside of Virginia jurisdiction due to the unconstitutional conditions of confinements that exist in Virginia and refusal to relocate the

Plaintiff Constitutes discrimination, relatiation and denial of equal Protection of the law, in violation of the Fourteenth Amendment to the United states Constitution.

## COUNT-IV

the Acts and omissions of the named defendants as described in Paragraphs 1-28 of the Within Complaint have denied and Continue to deny Plaintiff of his Eighth Amendment Right to be free from Cruel and Unusual Punishment.

## COUNT-V

the Acts and omissions of the named defendants as described in Paragraphs 1-28 of the Within Complaint Constitutes Willful deliberate indifference to the Risk that Plaintiff had and Will Continue to suffer Serious Physical injury or death at the hands of Virginia Prison guards.

Plaintiff's health and safety are at serious Risk of harm or death and defendants know of and Continue disregarding that serious Risk, the Plaintiff have no adequate and sufficient Remedy With which to address the Wrong alleged herein. and Will Continue to suffer serious mental and physical injuries

or death from the unconstitutional conduct of the defendants unless this Court grant him the equitable relief prayed forth herein.

RELIEF REQUESTED

1. That this Court issue a preliminary and permanent injunction enjoining the defendants and their agents from:

a) Transfering the Plaintiff back to Virginia

b) Keeping the Plaintiff segregated "C" category

2. Issue an order directing the defendants to release the Plaintiff to general population.

3. Grant Plaintiff compensatory damages in the amount of five thousand dollars ($5,000.00), as against the defendants jointly and severally.

4. Grant punitive damages for the Plaintiff in the amount of five thousand dollars ($5,000.00) as against the defendants jointly and severally.

5. Award Plaintiff litigation costs, attorney's fees and interest, pursuant to 42 U.S.C. 1988

6. ISSUE A PRELIMINARY AND PERMANENT INJUNCTION PROHIBITING THE DEFENDANTS, THEIR AGENTS, EMPLOYEES, SUCCESSORS IN OFFICE AND ALL OTHER IN ACTIVE CONCERT AND PARTICIPATION WITH THEM FROM HARASSING OR RETALIATING IN ANY MANNER AGAINST PLAINTIFF FOR FILING THIS LAWSUIT.

7. GRANT SUCH OTHER AND FURTHER RELIEF THAT THIS HONORABLE COURT MAY DEEM JUST AND EQUITABLE.

RESPECTFULLY SUBMITTED,

[signature]

BERNARDO FIGUEROA, #80803
I.S.C. P.O. BOX 8249
CRANSTON, R.I. 02920

## CERTIFICATE OF SERVICE

I hereby certifies that on this 20th day of February 2006, a true copy of the within Amended Complaint was mailed to the defendants and their Attorney Michael B. Grant, Esq. at RIDOC, 40 Howard Avenue Cranston, R.I. 02920

[signature]

BERNARDO FIGUEROA