UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. C.A. No. 05-415T

ASHBEL T. WALL, ET. AL.

MOTION FOR TEMPORARY RESTRAINING ORDER AND-OR PRELIMINARY INJUNCTION

Plaintiff Bernardo Figueroa, Pursuant to Rule 65, Fed. R. Civ. P., Requests this Honorable Court to grant him a Temporary and Permanent Restraining order and-or Preliminary injunction enjoining Defendant Ashbel T. Wall and his agents from transfering the Plaintiff back to Virginia Prison System.

Respectfully submitted,

[signature]
BERNARDO FIGUEROA
I.D. # 80803
I.S.C. P.O. BOX 8249
CRANSTON, RI. 02920

5

# CERTIFICATE OF SERVICE

I hereby Certifies that on this 20th day of February 2006, a true copy of the within Plaintiff's Motion for Restraining Order and-or Preliminary injunction was mailed to all named defendants and their attorney Michael B. Grant, Esq. at RIDOC 40 Howard Avenue, Cranston, R.I. 02920

[signature]
BERNARDO FIGUEROA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V. C.A. No. 05-415 T

ASHBEL T. WALL, ET. AL.

## AFFIDAVIT IN SUPPORT

Plaintiff Bernardo Figueroa, under penalties of perjury deposes and states:

1. In 1990, I was convicted of a crime in the state of Rhode Island and sentenced to the custody and care of the Rhode Island Department of Corrections, (RIDOC).

2. On October 29, 1998, RIDOC and I agreed to settle case tha I have pending at that time by arranging for me to be transferred to a confinement facility located in the state of New Jersey, the stipulation, however do not specify.

3. On August 5, 1999, I was involuntarily and by force transferred to Virginia confinement facility.

4. While Confined in Virginia Prison, I Was Subjected to Vicious and Cruel Physical Punishment, Sadistically brutalized and Terrorized, denied Medical attention and Treatment, dental Care, I Was discriminated against, humiliated, starved, Physically assaulted, subjected to sleep deprivation, shot with shotgun, and Physically, Mentally and Psychologically tortured.

5. Because of the unconstitutional Conditions of Confinement that exist in Virginia Prison, two Rhode Island inmates requested Relocation and inmediately inmate Bradley Petterson Was Relocated in New Jersey. Petterson has more than 300 bookings, and inmate Edwin Rivera the leader of the "ÑETA" Gang. Was Relocated in New Hampshire.

6. I am in Rhode Island to Receive Needed Medical Attention and Treatment that Was denied to me in Virginia Prison.

7. I sincerely believe that if the defendants are allowed To Transfering me back to Virginia my very life and Physical Well-being Will be in serious jeopardy do to the unconstitutional Conditions of Confinement that exist there and do to my serious Medical Condition, I have been scheduled for eye and ear surgery at R.I.H.

Wherefore, this Honorable Court should grant me

A TEMPORARY AND PERMANENT RESTRAINING ORDER OR IN THE ALTERNATIVE, A PRELIMINARY INJUNCTION ENJOINING DEFENDANT A.T. WALL AND HIS AGENTS FROM TRANSFERING ME BACK TO VIRGINIA PRISON SYSTEM.

BERNARDO FIGUEROA
I.D. # 80803
I.S.C. P.O. BOX 8249
CRANSTON, RI. 02920

I declare under the Penalty of Perjury that the above and foregoing is true and Correct to the best of my knowledge. Signed on this 20th day of February 2006.

BERNARDO FIGUEROA

## CERTIFICATE OF SERVICE

I hereby Certifies that on this 20th day of February 2006, A true copy of the Within Affidavit Was mailed to All named defendants and their Attorney Michael B. Grant, Deputy Chief Legal Counsel, RIDOC, at 40 Howard Ave. Cranston, R.I. 02920

BERNARDO FIGUEROA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. C.A. No. 05-415 T

ASHBEL T. WALL, Et. AL.

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RESTRAINING ORDER AND-OR PRELIMINARY INJUNCTION

this motion seeks a temporary and Permanent Restraining Order and-or Preliminary injunction to enjoin Defendant Ashbel T. Wall, and his agents from Transfering the Plaintiff back to Virginia Prison.

## STATEMENT OF FACTS

As set forth in the attached affidavit of Plaintiff Bernardo Figueroa, in Virginia Prison he have been Physically, mentally and Psychologically tortured, starved, sadistically Brutalized terrorized and denied medical and dental care, he is suffering from serious eye and ear condition that require surgery

And an appointment have been made at the Rhode Island Hospital for Pre-op testing and surgery. Transfering the Plaintiff back to the unconstitutional, unsafety, dangerous and life-threatening Virginia Prison conditions for having done absolutely nothing wrong would be placing his life and well-being in jeopardy. I would also be in violation of the Federal Constitution and laws of the United States and State of Rhode Island, and contrary to "any" legitimate correctional goals.

## ARGUMENT

I. PLAINTIFF IS ENTITLED TO A TEMPORARY AND PERMANENT RESTRAINING ORDER AND-OR PRELIMINARY INJUNCTION ENJOINING DEFENDANT ASHBEL T. WALL, AND HIS AGENTS FROM TRANSFERING THE PLAINTIFF BACK TO VIRGINIA PRISON.

A litigant may be granted a temporary restraining order (TRO) by a federal court upon a showing that the Plaintiff is in danger of immediate and irreparable injury, that the adverse party will not be substantially harmed if a T.R.O. is granted, that the T.R.O. is consistent with the public interest, and that the Plaintiff has a strong likelihood of success in the

lawsuit. Murphy v. Society of Real Estate Appraisers, 388 F. Supp. 1046 (E.D. Wisc. 1975); Cohen v. Brown University, 991 F. 2d. 888 (1st Cir. 1993); Narragansett Indian Tribe v. Gilbert, 934 F. 2d. 4, 5. (1st Cir. 1991); Aoude v. Mobil Oil Corp., 862 F. 2d. 890, 892 (1st Cir. 1988). Plaintiff Bernardo Figueroa, is entitled to a TRO under these standards.

## A. IRREPARABLE INJURY

the loss of Constitutional Rights even for short Periods of time, Constitutes irreparable injury. Elroy v Burns, 427 U.S. 347, 373 (1976). In this case the Record Reveals that in Virginia Prison System Plaintiff have been sadistically brutalized, terrorized, viciously assaulted and subjected to cruel and inhumane treatment, discriminated against, starving, humiliated denied medical and dental care, subjected to vicious and cruel Physical Punishment and Physically, mentally and Psychologically tortured. Confining the Plaintiff in Virginia Prison for having done Nothing Wrong amounts to cruel and unusual Punishment and subjects Plaintiff to irreparable injury. The First Circuit has Recognized that Punishment of Prisoners may not be "extremely disproportionate, or unnecessary." O'Brien v Moriarty, 489 F. 2d. 941, 944 (1st Cir 1974); Feeley v. Sampson, 570 F. 2d. 364, 371 (1st Cir 1978); Nadeau v.

Helgemoe, 561 F. 2d. 411, 419, (1st Cir. 1977).

B. ABSENCE OF HARM TO THE ADVERSE PARTY

the defendants cannot cite any prejudice or harm to them if this Plaintiff's prayer for a TRO and or Preliminary injunction is granted, in fact Plaintiff is sentenced to the custody and care of the Rhode Island Department of Corrections, and the defendants would no have to take the risk and expends money to transfer him back to Virginia. thus, there will not be any harm to the defendants.

C. PUBLIC INTEREST

the Public interest is best served when all Persons, including Prisoners are treated fairly and in a humane manner and in compliance with the laws of the land, in any case where there is strong likelihood that a Person (s) are being subjected to violations of their constitutional and civil Rights. the Public interest is served by protecting those Rights.

D. LIKELIHOOD OF SUCCESS ON THE MERITS.

Plaintiff's likelihood of winning a final judgment on the issues in his lawsuit is overwhelming.

Plaintiff Would Submit that a Review of his lawsuit, Pleadings, and exhibits evidence before this Court Would Reflect this.

Rule 65, Fed. R. Civ. P., Requires an applicant for T.R.O. to Certify to the Court the efforts that have been made to give notice to the adverse Party and-or Reasons Why notice or further efforts to give notice should not be Required. The Plaintiff has Provided each and every named defendants in his lawsuit With a Copy of his T.R.O. by sending them a copy through the Inter-Departmental mail, Plus Michael B. Grant, Deputy Chief legal Counsel for the R.I.D.O.C.

The Restraining Order should be granted without further delay because of the imminent irreparable injury or death that Plaintiff is facing.

Even if the Court finds that Plaintiff is not entitled to a T.R.O., it should grant Plaintiff a Preliminary injunction after notice to the defendants. A Preliminary injunction may be granted upon notice based on consideration of the same four factors discused in Point I, supra. Florida Medical Association, Inc. v. United States Dept. of Health, Education, and Welfare, 601 F.2d. 199, 5th Cir. 1979).

Wherefore, this Honorable Court should grant a temporary and Permanent Restraining order or

in the alternative a Preliminary injunction, enjoining defendants Wall and his agents from transfering Plaintiff to Virginia Prison.

Respectfully Submitted,

[signature]

BERNARDO FIGUEROA
I.D. # 80803
ISC. P.O. BOX 8249
CRANSTON, R.I. 02920

CERTIFICATE OF SERVICE

I hereby certifies that on this 20th day of February 2006, a true copy of the within brief was mailed to all named defendants and their attorney Michael B. Grant, Esq. at RIDOC, 40 Howard Avenue Cranston, R.I. 02920.

[signature]

BERNARDO FIGUEROA