# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

BERNARDO FIGUERDA

V. C.A. No. 05-415T

ASHBEL T. WALL, ET AL.

## PLAINTIFF'S SHOW CAUSE STATAMENT

In the above entitled action on March 7, 2006, this Honorable Court issued an order in which Plaintiff was ordered to show cause, in writing, why this case should not be dismissed for lack of prosecution i.e. make service upon defendants within 120 days after filing of the complaint.

the Plaintiff Respectfully state for the Record that on october 1, 2005, when he filed his original complaint a copy was sent to all named defendants. then after this court granted Plaintiff's Request to Proceed in forma Pauperis a copy of the complaint, Notice of lawsuit form and Waiver of service of summons was mailed

to each of the named defendants on october 10, 2005, then on october 13, 2005, Virginia Red Onion State Prison officials went to Plaintiff's cell and told him to pack everything up that he is going back to Rhode Island, at that time Plaintiff requested to be allowed to keep part of his legal materials which he needed for court procedings these legal materials includings:

1. All file concerning Plaintiff criminal conviction

2. All file concerning pending appeals in the First Circuit including the brief addendum and appendix No: 05-2553

3. All file on Plaintiff parole

4. All original cerificate and diploma of course Plaintiff has completed at the A.C.I.

5. the entire file, proof of service and all documents of this case, and the Plaintiff eye glasess.

On october 15, 2005, the Plaintiff was transported with these legal materials from the Virginia Red Onion State Prison to the Virginia Powhatan

Correctional Center to Wait For the Rhode Island state Marshals. Upon Arrival to Powhatan the legal materials Was took by Prison officials. However, Next day October 16, 2005, When Rhode Island state Marshals arrived to Powhatan to Pick up inmate Edwin Rivera and the Plaintiff, Plaintiff asked for his legal materials, and his was told that these legal Will be mailed to him.

Upon his Return to the Rhode Island A.C.I. October 16, 2005, on October 25, 2005, Plaintiff Write to Mr. DiNitto, Requesting him to have his legal materials Returned to him, in his Response of October 25, 2005, Mr. DiNitto state that he Received a Phone Call From Virginia officials indicating that my legal materials Will be Forwarded to me at this address. Please see Enclosure-"A."

On November 23, 2005, Plaintiff again Wrote to Mr. DiNitto explaining to him that he has Not yet Received the legal materials From Powhatan, in his Response of December 7, 2005, Mr. DiNitto stated I am suggesting that you talk to your assigne Counsel. Please see Enclosure "B"

Plaintiff met With counselor Debbie Moretti, Who Call Virginia Prison officials and these Prison official assure her and the plaintiff by Phone that the legal materials held in their

Facility i.e. Powhatan Correctional Center was mailed to the Rhode Island Department of Corrections at 75 Howard Avenue in November 2005.

The Plaintiff then file a motion in this Court seeking an order directing defendants to transfer his legal material to him. said motion was granted, and only part of the legal materials that were held at the Virginia Red Onion State Prison was returned to the Plaintiff on February 13, 2006.

Prior to receive the portion of his legal materials from Red Onion, on February 3, 2006, Plaintiff wrote to Mr. DiNitto concerning his legal materials from Powhatan, and Mr. DiNitto stated that Virginia has forwarded these legal materials to Michael Grant. Please see Enclosure-"C"

Plaintiff wrote letters to Director A.T. Wall and Warden McCauley requesting these legal materials from Powhatant but to not avail Please see Enclosures-'D"

On February 28, 2006, Plaintiff again wrote to Mr. DiNitto, Requesting his personal belongings held in the Virginia Red Onion State Prison, and requesting the legal materials from Powhatan that are missing, and again Mr. DiNitto stated that these legal materials was forwarded to Michael Grant. Please see Enclosure-"E"

Do to the Fact that attorney Grant have

Confiscated these Plaintiff's legal File, the Plaintiff Requested that this Court send him a copy of his original complaint, and on February 6, 2006, this Court sent Plaintiff a copy of his complaint which the Plaintiff received on February 14, 2006.

On February 20, 2006, Plaintiff again serve copy of his complaint and an amended complaint upon defendants and their attorney Michael Grant, Esq. this time summons was no issued because the copy of the summons and notice of lawsuit Plaintiff served upon defendants and proof of service, and other blank form are part of these legal File attorney Grant has confiscated.

If this Court require that Plaintiff should serve the defendants with a copy of his original complaint and copies of the Notice of lawsuit, and Waiver of Service of summons again the Plaintiff is doing so at this time.

Wherefore, for the above stated reason Plaintiff complaint should no be dismissed for failure to make service upon defendants within 120 days after filing of the complaint and issuance of summons, because despite that in fact Plaintiff filed this complaint on

October 1, 2005, and served the defendants, in October 15, his file concerning this case was handled to prison official and then confiscated by attorney Grant, and it was on February 14, 2006, that he received copy of his complaint from this court file, and he again sent copy to the defendants.

I declare under the penalty of perjury that the above and foregoing are true and correct to the best of my knowledge. Signed on this 12th day March 2006.

Respectfully submitted,

[signature]

BERNARDO FIGUEROA, #80803
I.S.C. P.O. BOX 8249
CRANSTON, RI. 02920

CERTIFICATE OF SERVICE

I hereby certifies that on this 12th day of March 2006, a true copy of the within plaintiff's show cause statement was mailed to all named defendants and Michael B. Grant at R.I. DOC. 40 Howard Avenue, Cranston R.I. 02920.

[signature]