First Circuit U.S. Court of Appeal
Office of the Clerk
1 Courthouse Way, Suite 2500
Boston, MA. 02210

RECEIVED
MAR 22 2006
Property of U.S. District Court
District of Rhode Island

Re: 05-2288
S. Figueroa v. A.A. DiNitto

Dear Clerk:

In the above referenced matter, on February 23, 2006, this court entered judgmen in which this court commented in a letter filed by me, concerning my placement in supermaxim and/or segregation-isolation without due process of law and without any penological justification, in that comments this court held that in any even, appellant would first have to seek relief through a proper filing, in writing, in the district court, because this court will not entertain allegations of this nature for the first time on appeal.

Therefore, I have enclosed copy of the motion and exhibits I have filed in the district court seeking relief, for this court file, review and consideration.

VERY SINCERELY YOURS.

[signature]

BERNARDO FIGUEROA
I.D. # 80803
ISC. P-O- BOX 8249
CRANSTON, RI. 02920

BF/cc.
ENCLOSURES
cc: CLERK'S OFFICE U.S. District Court OF R.I.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,
PLAINTIFF,

V C.A. No. 05-415T

ASHBEL T. WALL, ET. AL.
DEFENDANTS.

MOTION FOR RESTRAINING ORDER
AND-OR PRELIMINARY INJUNCTION

Plaintiff Bernardo Figueroa, Pursuant to Role 65. Fed. R. Civ. P. Requests this Honorable court to grant him a Permanent Restraining Order and-or a Preliminary injunction enjoining defendant Ashbel T. Wall, and his agents and employees from keeping Plaintiff confined in segregation, isolation and sensory deprivation Units High security (Supermax) "C" status.

DATED: MARCH 17, 2006

Respectfully submitted,

[signature]
BERNARDO FIGUEROA
I.D. # 80803
I.S.C. P.O. BOX 8249
CRANSTON, RI. 02920

## CERTIFICATE OF SERVICE

I hereby Certifies that on this 17th day of March 2006, A true copy of the within motion was mailed to all named defendants and their attorney Michael Grant, Esq. at R.I.D.O.C. 40 Howard Avenue Cranston, R.I. 02920.

[signature]
BERNARDO FIGUEROA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. CA. No. 05-415T

ASHBEL T. WALL, ET. AL.

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RESTRAININ ORDER AND-OR PRELIMINARY INJUNCTION

this Motion seeks a Permanent Restraining Order And or Preliminary injunction to enjoin Defendant Ashbel T. Wall, And his agents And employees from keeping plaintiff confined in segregation. Isolation High security "C" status.

STATEMENT OF FACTS

As set forth in the attached Affidavit of Plaintiff Bernardo Figueroa, since June 1997, he have been confined to segregation, isolation And sensory deprivation units in super-maximum security Almost nine years where he has And

continue suffering injuries to his health but physical and emotional, he suffers from serious ears and eye condition. And is under physician's care awaiting further specialized treatment and surgery. Keeping plaintiff into the stressful, unhealthy and unconstitutional condition of punitive segregation, high security "C" status for having done absolutely nothing wrong would be keeping his life and well-being in jeopardy. It would also be in violation of the federal constitution and laws of the United States and Rhode Island, and contrary to any legitimate correctional goals.

## ARGUMENT

I. PLAINTIFF IS ENTITLED TO RESTRAINING ORDER AND-OR A PRELIMINARY INJUNCTION ENJOINING DEFENDANT ASHBEL T. WALL, AND HIS AGENTS-AND EMPLOYEES FROM KEEPING PLAINTIFF IN SUPER-MAXIMUM SECURITY SEGREGATION "C" STATUS.

A litigant may be granted a restaining order by a federal court upon a showing that plaintiff is in danger of immediate and irreparable injury; that the adverse party will not be substantially

harmed if a Restraining order is granted; that the TRO is consistent with the Public interest, and that the Plaintiff has a strong likelihood of success in the lawsuit. MURPHY V. SOCIETY OF REAL ESTATE APPRAISERS, 388 F. SUPP. 1046 (E.D. Wisc. 1975); COHEN V. BROWN UNIVERSITY, 991 F.2d 888 (1st Cir. 1993); NARRAGANSETT INDIAN TRIBE V. GILBERT, 934 F.2d 4, 5. (1st Cir. 1991); AOUDE V. MOBIL OIL CORP., 862 F.2d. 890, 892 (1st Cir. 1988). Plaintiff Bernardo Figueroa is entitled to a Restraining order or Preliminary injunction under these standards.

A. IRREPARABLE INJURY

The lost (loss) of Constitutional Rights even for short Periods of time, constitutes irreparable injury. ELROY V. BURNS, 427 U.S. 347, 373 (1976); DEERFIELD MEDICAL CENTER V. CITY OF DEERFIELD BEACH, 661 F.2d. 328, 338 (5th Cir. 1981). Keeping Plaintiff in Punitive segregation - isolation for almost nine (9) years for having done nothing wrong and doing so without due Process of law, and continue re-classifying him supermax "C" status without any Penological justification, clearly violates the Constitution and subjected Plaintiff to irreparable injury. Placing and keeping the Plaintiff in the stressful, unhealthy and unconstitutional conditions of supermaximum security segregation - isolation for having done

Nothing Wrong amounts to cruel and unusual Punishment, Violates due Process of law, and is arbitrary and capricious and without any basis. WILKINSON v. AUSTIN, 125 S. Ct. 2384, 2394-95 (2005); WILWORDING v. SWENSON, 502 F.2d 844, 851 (8th Cir 1974) Cert. denied, 420 U.S. 912, 95 S. Ct. 835 (1975). the First Circuit has Recognized that Punishment of Prisoners may not be "extremely disproportinate, arbitrary or unnecessary." O'BRIEN v. MORIARTY, 489 F.2d. 941, 944 (1st Cir. 1974); FEELEY v. SAMPSON, 570 F.2d 364 371 (1st Cir. 1978); NADEAU v. HELGEMOE, 561 F.2d. 411, 419, (1st Cir 1977).

B. ABSENCE OF HARM TO THE ADVERSE PARTY

the defendants cannot cite any Prejudice or harm to them if this Plaintiff's Prayer for Restraining order and or Preliminary injunction is granted. thus, there will not be any harm to the defendant from a Restraining order and or a Preliminary injunction.

C. PUBLIC INTEREST

the Public is best served when all Person, including Prisoners are treated in a humane and and in compliance with the law of the land. And

When Prison Officials Comply With their own laws, Rules and Regulation, and follow the dictates of the Constitution. Thus, in any case where there is strong likelihood that a person(s) are being subjected to violations of their Constitutional Rights, the Public interest is served by Protecting those Rights.

## D. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff's likelihood of Winning a Final Judgment on the issues in his lawsuit is overwhelming. Recently, the U.S. Supreme Court has held that due Process Protections may attach to assignments to Supermaximum Prisons. Wilkinson v. Austin, 125 S. Ct. 2384, 2394-95 (2005). The Plaintiff's lawsuit Reflect that Plaintiff have been assigned to Supermaximum Prison segregation isolation and sensory deprivation units for almost nine (9) years without due Process of law and without any Penological Justification.

The Restraining order should be granted without further delay because of the immenent irreparable injury Plaintiff had and will continue to suffer.

Even if this Court finds that Plaintiff is not entitled to a Restraining order, it should grant

Plaintiff a Preliminary injunction after notice to the defendants.

A Preliminary injunction may be granted upon notice based on consideration of the same four factors discussed in Point I, supra Florida Medical Association Inc., v. United States Department of Health, Education, and Welfare, 601 F.2d. 199 (5th Cir 1979). Plaintiff incorporates that discussion by reference in this Point.

Wherefore, this Court should grant a Restraining Order, or in the alternative a Preliminary injunction, enjoining defendant A.T. Wall and his agents and employees from continue keepin the Plaintiff in segregation High security "C" status.

Respectfully submitted,

[signature]

BERNARDO FIGUEROA, #80803
ISC. P-O- BOX 8249
CRANSTON, R-I- 02920

CERTIFICATE OF SERVICE

I hereby certifies that on this 17th day of March 2006. A true copy of the within brief was mailed to the defendants and their attorney Michael Grant, at RIDOC 40 Howard Ave. Cranston, R-I- 02920

[signature]

BERNARDO FIGUEROA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V. C.A. No. 05-415T

ASHBEL T. WALL, ET. AL

AFFIDAVIT IN SUPPORT

I, BERNARDO FIGUEROA, UNDER PENALTIES OF PERJURY deposes AND states:

1. I AM the Plaintiff, Pro-Se, in the above entitled Action And in JUNE 1997, I WAS TRANSFERRED FROM MAXIMUM SECURITY GENERAL Population to High Security And Pleced in Restritive Segregation

2. ON July 7, 1997, I Filed A Request Asking about the Reason Why I AM CONFINE to High Security. in Response I WAS told that I WAS under investigation by the S.I.U. (Special investigation Unit) Please SEE EXHIBIT-"A."

3. ON NOVEMBER 13, 1997, I WAS SEEN by Re-classification

board, the board's Recommendation was maximum security placement, and on December 3, 1997, I was told that Mr. At-Wall denied the board's Recommendation. Please see Exhibit-"B."

4. On December 18, 1997, I Filed a grievance concerning my placement in High Security segregation "C" status without due process and without any penological justification, said grievance was denied on December 28, 1997. Please see Exhibit-"C."

5. On January 21, 1998, I was seen by the Classification board, the board's Recommendation was maximum security placement, on February 20, 1998, former director of Corrections George Vose, Jr. denied the board's Recommendation and ordered that I be classified High Security "C" status. Please see Exhibit-"D."

6. Again I filed a grievance complaining about my placement in High security without penological justification. Said grievance was denied on February 18, 1998. Please see Exhibit-"E."

7. On July 10, 1998, I filed a grievance complaining about being held in High security segregation "C" status for over one year without due process of law and without any penological justification. Requesting that my

situation be corrected said was denied on July 16, 1998 please see Exhibit-"F."

8. On october 29, 1998, I and Rhode Island Prison officials agreed to settle a case I have pending at that time by arranging for me to be transferred to a confinement facility located in the state of New Jersey. the stipulation do not specifies. Please see full Exhibit-"G."

9. On August 5, 1999, I was involuntarily and by force transferred to Virginia Prison system known to be unsafety dangerous and lifethreatening, where at all time I was confined in segregation, isolation and sensory deprivation units and subjected to cruel and inhumane treatment in supermaximum Prison.

10. On November 6, 2002, I complained to Virginia Prison officials about my classification annual review. In response I was told that review on out of state Prisoners are done according to the state request on November 11, 2002 Please see Exhibit-"H."

11. At all time Rhode Island Prison officials i.e the defendants every ninety (90) days review my classification status and without me been notified and without due process protection and without any penological justification re-classified me to high

Security "C" status Please see Full Exhibits "I"

12. In October 16, 2005, I was Returned to the Rhode Island Adult Correctional Institutions for alleged Courts Proceedings. And was placed in Isolation where I have been since then.

13. On January 1, 2006, I Wrote to Mr DiNitto complaining about my classification status, in his Response of January 4, 2006, Mr. DiNitto stated that the High security classification board see me in absentia and Recommended High Security "C" status and that on November 18, 2005, the Assistant director Jake Gadsden approved the board's Recommendation. Please see Exhibit-J.

14 On January 11, 2006, Assistant director Gadsden sent me a memo indicating to me that the Department of Corrections has no intentions of change its plans Regarding my Future placement Please see Exhibit-"K".

15. On February 25, 2006, I submitted Request complaining about my confinement in segregation "C" status, in his Response of February 9 2006, Warden David McCauley stated that the D.O.C. determins the facility in which I will be housed, and do not

Addressed my concern which deal with segregation unit in isolation not what facility. Please see exhibit-"L."

16. I requested my classification information sheet which indicated my classification status because since 1999 I have no see the classification board, all hearing are being conducted in absentia. Please see exhibit-"M."

17. I have done absolutely nothing wrong and for the defendants to keeping me in isolation High security "C" status clearly is a violation of my rights under the Federal Constitution and the laws of the United States and State of Rhode Island

Wherefore, the Court should grant me a restraining order or in the alternative, a preliminary injunction enjoining defendant A.T. Wall and his agent and employees from keeping me in isolation High Security "C" status.

Respectfully submitted,

Bernardo Figueroa
I.D. # 80803
I.S.C. P.O. Box 8249
Cranston, RI. 02920

I declare under the penalty of perjury that the above and foregoing is true and correct to the best of my knowledge signed on this 17th of March 2006

BERNARDO FIGUEROA

## CERTIFICATE OF SERVICE

I hereby certifies that on this 17th day of March 2006, a true copy of the within affidavit was mailed to the defendants and their attorney Michael B. Grant, Esq. at R.I. DOC 40 Howard Avenue, Cranston, R.I. 02920.

BERNARDO FIGUEROA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C.A. No. 05-415T

ASHBEL T. WALL, ET. AL.

# PROOF OF SERVICE

Rule 65 (b)(2) Fed. R. Civ. P. Requires an applicant for T.R.O. to certify to the court the efforts that have been made to give notice to the adverse party and-or reasons why notice or further efforts to give notice should not be required.

the plaintiff hereby certifies that he has provided each and every named defendant in his lawsuit with a copy of his TRO, by sending them a copy through the U.S. inter-departmental mail. plus Michael B. Grant, Chief legal counsel for the Rhode Island Department of Correction on this 17th day of March 2006.

I declare under the Penaltie of Perjury that the above and foregoing is true and correct to the best of my knowledge signed on this 17th day of March 2006

[signature]

BERNARDO FIGUEROA
I.D. #80803
ISC. P.O. BOX 8249
CRANSTON, R.I. 02920

ATTENTION TO:

First Circuit U.S. Court of Appeal
Office of the Clerk
United States Courthouse
1. Courthouse Way, Suite 2500
Boston, Massachusetts 02210

EXHIBIT "A"

## REQUEST FORM

TO: SUSAN F. Class. Counselor. DATE: July 7, 1997

I RESPECTFULLY REQUEST: (STATE PROBLEM - BE SPECIFIC) I would like to Know my Present Classification status, And why I Am here in High Security Center, if I Am under investigation I would like to Know what Kind of investigation. THANK you.-

INMATE NAME Bernardo Figueroa I.D.# 83803

WORK ASSIGNMENT: N/A.- CELL NUMBER: D-2

H.S.C. X MAXIMUM ____ MEDIUM ____ MINIMUM ____

WOMENS ____ I.S.C. ____ WORK RELEASE ____

WING OR DETAIL OFFICER'S COMMENTS: ____

OFFICER'S SIGNATURE ____

### Disposition of Case

RESPONSE: You are on Admin Seg "C" status pending investigation by S.I.U. I have no more info on "why", than what you were told at your classif! ~~hearing~~ admin. hearing.

SIGNATURE [signature] TITLE Counselor DATE 7/7/97

NOTE: YOU WILL NOT BE CALLED IF IT IS POSSIBLE TO DISPOSE OF YOUR REQUEST PROPERLY WITHOUT AN INTERVIEW.

DISTRIBUTION:

REQUEST

WHITE - DESIGNEE
YELLOW - "
PINK - "
SALMON - INMATE

RESPONSE

WHITE - INMATE
YELLOW - ASSOCIATE DIRECTOR
PINK - DESIGNEE

S-10

 EXHIBIT - B

**REQUEST FORM**

TO: TONY Ammon or Susan Fred (Counselor) DATE: DEC 3, 1997

I RESPECTFULLY REQUEST: (STATE PROBLEM - BE SPECIFIC) PLEASE I WOULD LIKE TO SPEAK TO YOU REGARDING VERY IMPORTANT MATTER, GET BACK TO ME AS SOON AS TIME PERMIT.
THANK YOU -

INMATE NAME BERNARDO FIGUEROA I.D.# 80803

WORK ASSIGNMENT: N/A - CELL NUMBER: C - #6

H.S.C. ✓ MAXIMUM ______ MEDIUM ______ MINIMUM ______

WOMENS ______ I.S.C. ______ WORK RELEASE ______

? class - did it go to the director - what is his status. was it cleared with S.I.U.

WING OR DETAIL OFFICER'S COMMENTS: ______

OFFICER'S SIGNATURE [signature]

**Disposition of Case**

RESPONSE: Bernardo - I checked on your classification. The director's office (Mr. A.T. Wall) denied the board's recommendation for Maximum security. It will now come back to the board for discussion & the board will again give a recommendation (you will not be at this board). The director (or designee) will then make a final decision on your classification.

SIGNATURE ______ TITLE ______ DATE ______

NOTE: YOU WILL NOT BE CALLED IF IT IS POSSIBLE TO DISPOSE OF YOUR REQUEST PROPERLY WITHOUT AN INTERVIEW.

DISTRIBUTION:

| REQUEST | | RESPONSE | |
|---|---|---|---|
| WHITE | DESIGNEE | WHITE | INMATE |
| YELLOW | " | YELLOW | ASSOCIATE DIRECTOR |
| PINK | " | PINK | DESIGNEE |
| SALMON | INMATE | | |

S-10

I suggest you write to the director's office, if you choose, regarding your situation.

 EXHIBIT - C

97-124

Rhode Island Department of Corrections

REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print, using ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheet(s)--in quadruplicate. Attach copy of previous Request Form (Informal Resolution Form).

To: (circle one) Level 1, Warden (circled) Level 2, Director

From: (name) BERNARDO FIGUEROA (First, Last) MI 80803 RIDOC ID #

Facility: (circle one) ISC, HSC (circled) MAX MED MIN WR WOM/JA WOM/DIX COM.CONF.

PART A - INMATE REQUEST

Facility where alleged incident occurred: RHODE ISLAND A.C.I.

Grievance/Complaint: THIS LEVEL 1" GRIEVANCE COMES TO YOUR ATTENTION BECAUSE I HAVE REASONS TO BELIEVE THAT CERTAIN RHODE ISLAN PRISON OFFICIALS ROUTINELY AND WILLFULLY REFUSE, FAIL AND NEGLECT TO FOLLOW THE RULES AND REGULATIONS ESTABLISHED IN MORRIS V. TRAVISONO, WHICH PERTAIN TO DISCIPLINE AND CLASSIFICATION PROCEDURES NO ONLY WITH RESPECT TO ME BUT NUMEROUS OTHERS A.C.I. PRISONERS. SEE ATTACHED, CONTINUE ON PAGE 2

DEC. 18, 1997 — Date

[signature] — Inmate's Signature

12/19/97 — Date Received

[signature] — Staff Member's Signature

PART B - RESPONSE

12/28/97 — Date Received

"C" Category inmates are allowed limited educational materials and services as other Morris V. Travisono requirements allowed subject to the control of the Deputy Assistant/Director... Substantial evidence regarding your complaint has not been presented, therefore, your grievance is denied.

12/28/97 — Date

[signature] Deputy Warden, R.I. Dept. of Corr.

Signature (Level 1 = Warden; Level 2 = Director)

Distribution:
Level 1: White - Warden; Canary - Dept.Griev.Coord.; Pink - Inmate; Goldenrod - Inmate
Level 2: White - Dept.Griev.Coord.; Canary - Warden; Pink - Inmate; Goldenrod - Inmate

C

REQUEST FOR RESOLUTION OF GRIEVANCE LEVEL "2"
DECEMBER 18, 1997
PAGE - 2

THE CLASIFICATION PROCEDURES IN THE A.C.I. IS DONE SO ARBITRARILY AND CAPRICIOUSLY THAT REPRESENT NOTHING LESS THAN THE EQUIVALENT OF JUDICIAL DEPOTISM.

I, AS WELL AS NUMEROUS OTHER PRISONERS HAVEN BEEN DOWNGRADED ON NO EVIDENCE OR SCINTILLA OF EVIDENCE OF ANY WRONG-DOING AND PLACED IN HIGH SECURITY CENTER SEGREGATION "C" CATEGORY IN THE SAME CONDITIONS AS THESE INMATES IN DEATH-ROW. LOCK UP 23 TO 24 HOURS A DAY WITHOUT EDUCATIONAL OPPORTUNITIES, NO WORK OPPORTUNITIES, NO VOCATIONAL PROGRAMS OPPORTUNITIES AND NO REHABILITATIVE PROGRAMS AS REQUIRE BY R.I.G.L. AND THE MORRIS RULES.

I RESPECTFULLY ASK THAT THIS SITUATION BE RESOLVE AS SOON AS POSSIBLE AND THAT ALL "C" CATEGORY PRISONERS IN H.S.C. BE PROVIDE WITH. WORK ASSIGNMENT OPPORTUNITIES, EDUCATIONAL AND VOCATIONAL PROGRAMS OPPORTUNITIES AND REHABILITATIVE PRIGRAMS OPPORTUNITIES.

[signature]
INMATE'S SIGNATURE

DATE RECEIVED ______

STAFF MEMBER'S SIGNATURE

EXHIBIT D

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**Department of Corrections**

George A. Vose, Jr.
*Director*

February 20, 1998

Bernardo Figueroa
#80803
High Security Center
P.O. Box 8200
Cranston, RI 02920

Dear Mr. Figueroa,

I have received your affidavit and a letter dated February 10, 1998.

Please be advised that I do not respond to affidavits signed by more than one inmate. Therefore, I will only address your questions related to classification.

On November 13, 1997, you were seen by a re-classification board. The vote was split, two for Maximum Security placement and two for High Security. On December 3, 1997, I recommended High Security Center "C" status. The board again recommended Maximum Security placement on January 21, 1998. I overruled their recommendation and ordered you classified High Security Center "C" status.

Sincerely,

George A. Vose, Jr.
Director

cc: Joseph DiNitto
Warden Whitman

*GAV:RMM:ksc*

EXHIBIT E

Rhode Island Department of Corrections

REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print, using ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheet(s)--in quadruplicate. Attach copy of previous Request Form (Informal Resolution Form).

To: (circle one) Level 1, Warden ~~Level 2, Director~~ (circled: Level 2, Director)

From: (name) BERNARDO FIGUEROA (First, Last, MI) RIDOC ID # 70103

Facility: (circle one) ISC **HSC** (circled) MAX MED MIN WR WOM/JA WOM/DIX COM.CONF.

PART A - INMATE REQUEST

Facility where alleged incident occurred: A.C.I. High Security Center

Grievance/Complaint: MR. VOSE, THIS LEVEL '2' GRIEVANCE COMES TO YOUR ATTENTION BECAUSE I BELIEVE THAT MY ALLEGATION ON LEVEL 1 GRIEVANCE WAS TREATED AS FRIVOLOUS MATTER AND WAS NOT TAKEN SERIOUSLY. THE A.C.I. OFFICIALS REFUSE, FAIL AND NEGLECT TO FOLLOW THE PROCEDURES MANDATED IN MORRIS RULES, NOT ONLY WITH RESPECT TO ME, BUT NUMEROUS OTHER A.C.I. PRISONER! "CONTINUED ON PAGE 2"

DEC. 31, 1997 — Date

[signature] — Inmate's Signature

Date Received — Staff Member's Signature

PART B - RESPONSE

Date Received

Denied: Mr. Figueroa, The grievance policy does not permit you to grieve on behalf of other inmates. Therefore, I will answer your grievance based on your individual concerns. Please be advised that departmental policies and the Morris Rules permit the administration to temporarily classify you to High Security. This action must be followed by an administrative hearing. Policy then dictates that a re-classification board review your status. Mr. Figueroa, a review of the process which resulted in you presently being classified High Security "C" status suggests that this was done properly. Therefore, I must deny your request.

Date 2/18/98

Signature (Level 1 = Warden; Level 2 = Director)

Distribution:
Level 1: White - Warden; Canary - Dept.Griev.Coord.; Pink - Inmate; Goldenrod - Inmate
Level 2: White - Dept.Griev.Coord.; Canary - Warden; Pink - Inmate; Goldenrod - Inmate

[signature] W. McCutcheon

EXHIBIT-F

98-116

Rhode Island Department of Corrections

REQUEST FOR RESOLUTION OF GRIEVANCE

Instructions: Type or print, using ballpoint pen. All information must be legible on all copies. If more space is needed, attach additional sheet(s)--in quadruplicate. Attach copy of previous Request Form (Informal Resolution Form).

To: (circle one) **[Level 1, Warden]** Level 2, Director

From: (name) BERNARDO FIGUEROA — First / Last / MI — 80803 RIDOC ID #

Facility: (circle one) ISC **[HSC]** MAX MED MIN WR WOM/JA WOM/DIX COM.CONF.

PART A - INMATE REQUEST

Facility where alleged incident occurred: Adult Correctional Institution

Grievance/Complaint: I want to know the reason why I have been lock up 23 to 24 hours a day in High Security Center Segregation "Segr Category" for over one (1) year.

July 10, 1998 — Date

[signature] — Inmate's Signature

Date Received

Staff Member's Signature

PART B - RESPONSE

Date Received

YOU ARE CLASSIFIED "C" CATEGORY IN ACCORDANCE WITH MORRIS V. TRAVISONO 499 F. SUPP 149 (1980) AND HOUSED AT HIGH SECURITY CENTER WITHIN THE CONTROLS FOR "C" CATEGORY IN ACCORDANCE WITH MORRIS V. TRAVISONO 499 F. SUPP 149 (1980). DECISIONS BY CLASSIFICATION BOARDS HELD IN ACCORDANCE WITH MORRIS V. TRAVISONO 499 F. SUPP. 149 (1980), AND REVIEWED BY THE DIRECTOR, ARE NOT A GRIEVABLE AREA OF INMATE LIFE PER RIDOC POLICY #13.10, THEREFORE, YOUR GRIEVANCE IS DENIED.

7/15/98 — Date

[signature] — Signature (Level 1 = Warden; Level 2 = Director)

Distribution:
Level 1: White - Warden; Canary - Dept.Griev.Coord.; Pink - Inmate; Goldenrod - Inmate
Level 2: White - Dept.Griev.Coord.; Canary - Warden; Pink - Inmate; Goldenrod - Inmate

7/10/98

EXHIBIT "G"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BERNARDO FIGUEROA**

**VS.** **C.A. NO. 97-547H**

**GEORGE A. VOSE, JR., ET AL**

**STIPULATION**

Upon consideration of a settlement conference held before U.S. Magistrate Judge Hagopian and by agreement of the parties, The Department of Corrections shall treat Plaintiff Bernardo Figueroa with first priority relative to his transfer out-of-state to a confinement facility situated outside of the New England area.

Attorney for the Plaintiff

Bernardo Figueroa, pro se

Attorney for the Defendant

Michael Grant, Esq.

ENTER:

SO ORDERED:

U.S. Magistrate Judge Hagopian

Dated: October 29, 1998

ENTERED:

 EXHIBITS - G

GEORGE A. VOSE, JR.,
DIRECTOR OF R.I.D.O.C. -
40 HOWARD AVENUE
CRANSTON, RI. 02920

DEAR MR. VOSE:

THE INSTANT LETTER SERVES AS A AFFIDAVIT RELATIVE TO MY OUT-OF-STATE TRANSFER.

PURSUANT TO OUR SETTLEMENT AGREEMENT AND THE COURT ORDER DATED OCT. 29, 1998. I VOLUNTARILY AGREED TO BE TRANSFERRED TO THE STATE OF NEW JERSEY NOT OTHER STATE, AND THAT I SHALL NOT BE TRANSFERRED UNTIL ALL MY PENDING CIVIL AND CRIMINAL MATTER HAVEN BEEN RESOLVED.

CC: U.S. DISTRIC COURT,
PROV. SUPER CT.

[signature]
BERNARDO FIGUEROA
ID. # 80803

SWORN AND SIGNED BEFORE
ME THIS 5th DAY OF August 1999

[signature]
NOTARY PUBLIC
COMM. EXP. 6/12/2002

EXHIBIT - G

UNITED STATES DISTRICT COURT
FEDERAL BUILDING AND COURTHOUSE
ONE EXCHANGE TERRACE
PROVIDENCE, R.I. 02903 - 1720

IN RE: BERNARDO FIGUEROA'S OUT-OF-STATE TRANSFER
C.A. NO. 97-547H

DEAR YOUR HONOR:

THE INSTANT LETTER SERVES AS A AFFIDAVIT RELATIVE TO MY PENDING OUT-OF-STATE TRANSFER.

THE RHODE ISLAND DEPARTMENT OF CORRECTIONS IS AWARE OF THE ENEMIES SITUATION I HAD IN THE STATE OF NEW MEXICO AND IN VIRGINIA. HOWEVER, NOT ONLY IN AN ATTEMPT TO PREVENT ME FROM STAY AWAY FROM TROUBLE, BUT ALSO TO KEPT ME AWAY FROM MY FAMILY THEY WANT TO SEND ME TO ONE OF THESE STATE.

AT THIS TIME, I WOULD LIKE TO STATE FOR THE RECORD THAT IF THE RHODE ISLAND DOC TRANSFERRED ME TO NEW MEXICO OR VIRGINIA, AND SOMETHING HAPEN TO ME AND-OR ANYBODY IN ONE OF THESE STATE. THE CURRENT PRISON DIRECTOR GEORGE A. VOSE, JR. AND HIS ASSOCIATE JOSEPH A. DINITTO WOULD BE RESPONSIBLE.

SINCERELY,

[signature]

BERNARDO FIGUEROA
I.D. # 80803
2/11/99

CC: HON. JACOB HAGOPIAN
HON. MICHAEL SILVERSTEIN
HON. SHELDON WHITEHOUSE
MR. GEORGE A. VOSE, JR.
MR. JOSEPH A. DINITTO, ET ALS.

SWORN AND SIGNED BEFORE ME THIS 11th DAY OF February 1999.

[signature: James E. Yaley]
NOTARY PUBLY

COMM. EXP. 6/12/2002

SEAL

Implementation Memo
DOP 866
January 4, 1999

# Sussex I State Prison
## Complaint/Request Form

EXHIBIT- "H"

SUSSEX I STATE PRISON

Date: Nov. 6 2002

Inmate Name: Bernardo Figueroa Number: 272332 Housing Unit: 3 C-28

To: Mr. Cummings, T.P.S.

( ) Assistant Warden of Operations and Support ( ) Assistant Warden of Housing and Programs ( ) Major
( ) Business Manager ( ) Operations Officer ( ) Unit Manager, Housing Unit ____ ( ) Chaplain
( ) Counselor ( ) Law Library ( ) Food Service ( ) Inmate Records
(X) TPS ( ) Hearings Officer ( ) Commissary ( ) Health Services
( ) Support Manager (Personal Property, Mailroom and Laundry issues) ( ) Other ________

Complaint/Request: THIS COMPLAINT COMES TO YOUR ATTENTION BECAUSE I WAS SCHEDULED FOR ANNUAL REVIEW ON AUGUST 2002. HOWEVER, NOT ANNUAL REVIEW WAS DONE, AND EVERYTIME I ASKS COUNSELOR WILLIAMS, FOR MY ANUAL REVIEW HE TOLD ME THAT I NEED TO CONTACT YOU AND HAVE YOUR APPROVAL.
THEREFORE: I WOULD LIKE TO KNOW WHETHER OR NOT I'M ENTITLED TO AN ANNUAL REVIEW, LIKE EVERY VIRGINIA INMATES, IF NOT THEN WHY YOU PEOPLE DON'T SEND ME BACK TO MY STATE HOME.

****************************************************************************

Date Received: ____________

Response: Reviews are done on out of state inmates according to the states request.
[signature] 11-12-02

Signature ____________ Department ____________ Date ____________

NOTE: IF YOU ARE NOT SATISFIED WITH THE COMPLAINT RESPONSE YOU MAY FILE A REGULAR GRIEVANCE WITHIN 10 CALENDAR DAYS FROM RECEIPT.

ORIGINAL - INMATE COPY - RESPONDING DEPARTMENT

57

 FULL EXHIBITS

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

April 2, 2003

RECEIVED
APR 04 2003
Virginia Interstate
Corrections Compact

APR 2003
RECEIVED
WARDEN'S OFFICE
SUSSEX 1

Terry Glenn, Coordinator
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261-6962

Re: Bernardo Figueroa
ACI #80803

Dear Mr. Glenn:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on March 24, 2003, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa will remain classified High Security, "C" Status, with a review of his status in two months. He will be seen for reconsideration of his status sometime in May, 2003. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

JAD/mh
cc: file
403glenn

Warden

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

September 12, 2003

R.C. Nixon, Coordinator
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Re: Bernardo Figueroa
ACI #80803

Dear Ms. Nixon:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on August 21, 2003, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa will remain classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in November, 2003. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

903nixon

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

RECEIVED
DEC
Virginia Interstate
Corrections Compact

RECEIVED
DEC 31 2003
Virginia Interstate
Corrections Compact

December 18, 2003

R.C. Nixon, Coordinator
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Re: Bernardo Figueroa
ACI #80803

Dear Ms. Nixon:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on November 14, 2003, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa will remain classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in February, 2004. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

1203nixon

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

February 27, 2004

Terry Glenn
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Re: Bernardo Figueroa VA# 272332
ACI #80803

Dear Mr. Glenn:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on February 13 2004, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa will remain classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in May, 2004. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

204glenn4

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

JUL 2004 RECEIVED TREATMENT

July 12, 2004

Terry Glenn, Coordinator
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Re: Bernardo Figueroa
ACI #80803

Dear Mr. Glenn:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on May 14, 2004, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa is classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in August, 2004. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

704glenn2

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

RECEIVED
SEP 24 2004
Virginia Interstate
Corrections Compact

September 20, 2004

Terry Glenn, Coordinator
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Re: Bernardo Figueroa VA# 272332
ACI #80803

Dear Mr. Glenn:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on August 20, 2004, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa will remain classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in November, 2004. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

904glenn4

Institutions Copy

RECEIVED
DEC 2 9 2004
Virginia Interstate Corrections Compact

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

December 22, 2004

RECEIVED
JAN 1 1 2005
ROSP Records Office

Terry Glenn
Interstate Corrections Compact
Virginia Dept. of Corrections
P.O. Box 26963
Richmond, Virginia 23261

Re: Bernardo Figueroa VA# 272332
ACI #80803

Dear Mr. Glenn:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on November 19, 2004, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa will remain classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in February, 2005. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

1204glenn4

Institutional File

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
CLASSIFICATION DEPARTMENT
P.O. Box 8249
Cranston, R.I. 02920

August 16, 2005

Yvonne Taylor
Treatment Program Supervisor
Red Onion State Prison
P.O. Box 970
Pound, Virginia 23279

Re: Bernardo Figueroa
ACI #80803

Dear Ms. Taylor:

Enclosed please find a copy of the action taken by the Rhode Island Classification Board at its meeting on July 18, 2005, regarding the above-named Rhode Island inmate.

As indicated, Mr. Figueroa was classified High Security, "C" Status, with a review of his status in three months. He will be seen for reconsideration of his status sometime in October, 2005. Please ensure that the inmate receives a copy of this cover letter. Also, ensure that the enclosed documented classification information is placed in the inmate's permanent file.

As always, please be assured of our continued cooperation in all matters of mutual concern.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

805taylor16

 EXHIBIT-"J"

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**Department of Corrections**
**CLASSIFICATION DEPARTMENT**
**P.O. Box 8249**
**Cranston, R.I. 02920**

January 4, 2006

Bernardo Figueroa, ID #80803
Intake Service Center
Rhode Island Dept. of Corrections
Cranston, Rhode Island 02920

Dear Mr. Figueroa:

In response to your letter dated January 1, 2006, please be advised of the following.

On October 16, 2005, you were returned to the State of Rhode Island from the Commonwealth of Virginia for court purposes and placed at the Intake Service Center. While at the Intake Service Center, you were seen (in absentia) by the High Security Classification Board for your normal review which was scheduled for sometime in October, 2005. On October 27, 2005, it was the Board's recommendation to classify you High Security, "C" Status, with a 90-day review. On November 18, 2005, the Board's recommendation was forwarded to Assistant Director Jake Gadsden for his review and final decision. It was Assistant Director Gadsden's decision on November 18, 2005, to approve the Board's recommendation to classify you High Security, "C" Status with a 90-day review.

As you indicated in your letter and as verified by our INFACTS System, you are still being detained at the Intake Service Center in segregation. The reason why you have not been transferred to the High Security Center is due to the lack of bed space availability at that facility. I can assure you that when bed space becomes available at the High

Bernardo Figueroa, ID #80803
January 4, 2006
Page 2
Re: Classification Status

Security Center you will be transferred. I can only advise you that any further concerns and/or question you have relative to your custody placement be directed to Assistant Director Gadsden.

Very truly yours,

Joseph A. DiNitto
Associate Director
Classification

JAD/mh
cc: A.T. Wall
J. Gadsden
Patricia Coyne-Fague
file
106figueroa

 EXHIBIT "K"

# RHODE ISLAND DEPARTMENT OF CORRECTIONS
## INSTITUTIONS AND OPERATIONS

## INTER-OFFICE MEMORANDUM

**TO:** Inmate Bernardo Figueroa,
ID# 80803
Intake Service Center

**FROM:** Jake Gadsden, Assistant Director
Institutions and Operations

**DATE:** January 11, 2006

**SUBJECT:** DECEMBER 1, 2005 LETTER TO J. DINITTO

---

Inmate Figueroa your letter dated December 1st has been forwarded to my office by Associate Director Joe DiNitto.

Due to the nature of the statements you have made in your letter, I have referred a copy of your letter to Dr. Fred Friedman and at this time, the Department of Corrections has no intentions of changing its' plans regarding your future placement.

I trust this letter addresses your concerns.

JG:crc
C: F. Friedman, Clinical Director Psychologist
File

EXHIBIT - L.

***State of Rhode Island and Providence Plantations***
***Department of Corrections***
***Intake Service Center***

**To: Bernardo Figueroa - ID# 80803**

**From: Warden David McCauley**

**Date: February 9, 2006**

**Subject: Segregation Status**

---

In response to your Request Form dated January 25, 2006, the Intake Service Center is not holding you hostage, you are serving a sentence. The Department of Corrections determines the facility in which you will be housed and at this time it is the Intake Service Center.

If you have any further inquiries regarding your incarceration, I encourage you to follow the chain of command here at the Intake Service Center.

R.I. DEPARTMENT OF CORRECTIONS DATE: 03/09/2006

EXHIBIT-"M"

IDENTIFICATION DEPARTMENT

ID: 080803
NAME: FIGUEROA BERNARDO

SECURITY: INTAKE SERVICE CENTR
D.O.B: 05/12/1957

*** CLASSIFICATION INFORMATION ***

| CLASSIFICATION DATE | CLASSIFICATION CODE | NEXT HEARING DATE | COMMENTS |
|---|---|---|---|
| 04/08/2005 | HIGH SECURITY CAT-C | 07/01/2005 | |
| 07/18/2005 | HIGH SECURITY CAT-C | 10/01/2005 | |
| 10/27/2005 | HIGH SECURITY CAT-C | 02/01/2006 | |

*** PAROLE INFORMATION ***

| HEARING DATE | ACTION | NEXT HEARING DATE | COMMENTS |
|---|---|---|---|
| 01/01/1900 | INIT DATE | 03/01/2000 | INITIAL PAROLE HEARING |
| 03/16/2000 | DENIED | 03/01/2007 | RECONSIDERATION |