UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,
PLAINTIFF,

V C.A. No. 05-415T

ASHBEL T. WALL, ET. AL.
DEFENDANTS.

MOTION FOR RESTRAINING ORDER
AND-OR PRELIMINARY INJUNCTION

Plaintiff Bernardo Figueroa, Pursuant to Rule 65 Fed. R. Civ. P. Requests this Honorable court to grant him a Permanent Restraining Order and-or a Preliminary injunction enjoining defendant Ashbel T. Wall, and his agents and employees from keeping Plaintiff confined in segregation, isolation and sensory deprivation Units High security (supermax) "C" status.

DATED: MARCH 17, 2006

Respectfully submitted,

[signature]
BERNARDO FIGUEROA
I.D. # 80803
ISC. P.O. BOX 8249
CRANSTON, RI. 02920

CERTIFICATE OF SERVICE

I hereby Certifies that on this 17th day of March 2006. A true copy of the within motion was mailed to all named defendants and their attorney Michael Grant, Esq. At RIDOC. 40 Howard Avenue Cranston, R.I. 02920.

[signature]
BERNARDO FIGUEROA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,

V. CA. No. 05-415T

ASHBEL T. WALL, ET. AL.

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RESTRAININ ORDER AND-OR PRELIMINARY INJUNCTION

this Motion seeks a Permanent Restraining Order And or Preliminary injunction to enjoin Defendant Ashbel T. Wall, And his agents And employees from Keeping plaintiff Confined in segregation. Isolation High security "C" status.

STATEMENT OF FACTS

As set forth in the attached affidavit of Plaintiff Bernardo Figueroa, since June 1997, he have been confined to segregation, isolation And sensory deprivation Units in super-maximum security Almost nine years Where he has And

continue suffering injuries to his health but physical and emotional, he suffers from serious ears and eye condition and is under physician's care awaiting further specialized treatment and surgery. Keeping plaintiff into the stressful, unhealthy and unconstitutional condition of punitive segregation, High security "C" status for having done absolutely nothing wrong would be keeping his life and well-being in jeopardy. It would also be in violation of the Federal Constitution and laws of the United States and Rhode Island, and contrary to any legitimate correctional goals.

## ARGUMENT

I. PLAINTIFF IS ENTITLED TO RESTRAINING ORDER AND-OR A PRELIMINARY INJUNCTION ENJOINING DEFENDANT ASHBEL T. WALL, AND HIS AGENTS-AND EMPLOYEES FROM KEEPING PLAINTIFF IN SUPER-MAXIMUM SECURITY SEGREGATION "C" STATUS.

A litigant may be granted a restaining order by a Federal Court upon a showing that plaintiff is in danger of immediate and irreparable injury; that the adverse party will not be substantially

harmed if a Restraining order is granted; that the TRO is consistent with the Public interest and that the Plaintiff has a strong likelihood of success in the lawsuit. MURPHY V. SOCIETY OF REAL ESTATE APPRAISERS, 388 F. SUPP. 1046 (E.D. Wisc. 1975); COHEN V. BROWN UNIVERSITY, 991 F.2d 888 (1st Cir. 1993); NARRAGANSETT INDIAN TRIBE V. GILBERT, 934 F.2d 4, 5. (1st Cir. 1991); AOUDE V. MOBIL OIL CORP., 862 F.2d. 890, 892 (1st Cir. 1988). Plaintiff Bernardo Figueroa is entitled to a Restraining order or Preliminary injunction under these standards.

## A. IRREPARABLE INJURY

The lost (loss) of Constitutional Rights even for short periods of time, constitutes irreparable injury. ELROY V. BURNS, 427 US. 347, 373 (1976); DEERFIELD MEDICAL CENTER V. CITY OF DEERFIELD BEACH, 661 F.2d. 328, 338 (5th Cir. 1981). Keeping Plaintiff in punitive segregation - isolation for almost nine (9) years for having done nothing wrong and doing so without due Process of law, and continue re-classifying him supermax "C" status without any Penological justification, clearly violates the Constitution and subjected Plaintiff to irreparable injury. Placing and keeping the Plaintiff in the stressful, unhealthy and unconstitutional Conditions of supermaximum security segregation - isolation for having done

Nothing Wrong Amounts to Cruel and Unusual Punishment, Violates due Process of law, And is Arbitrary And Capricious And Without any basis. WILKINSON V. AUSTIN, 125 S. Ct. 2384, 2394-95 (2005); WILWORDING V. SWENSON, 502 F.2d. 844, 851 (8th Cir 1974) Cert. denied, 420 U.S. 912, 95 S. Ct. 835 (1975). the First Circuit has Recognized that Punishment of Prisoners May Not be "extremely disproportinate, Arbitrary or Unnecessary." O'BRIEN V. MORIARTY, 489 F.2d. 941, 944 (1st Cir. 1974); FEELEY V. SAMPSON, 570 F.2d 364 371 (1st Cir. 1978); NADEAU V. HELGEMOE, 561 F.2d. 411, 419, (1st Cir 1977).

B. ABSENCE OF HARM TO THE ADVERSE PARTY

the defendants Cannot Cite any Prejudice or harm to them if this Plaintiff's Prayer For Restraining order and or Preliminary injunction is granted. thus, there Will not be any harm to the defendant from a Restraining order and or a Preliminary injunction.

C. PUBLIC INTEREST

the Public is best served When all Person, including Prisoners are treated in a humane and And in Compliance With the law of the land. And

When Prison Officials Comply With their own laws, Rules and Regulation, and follow the dictates of the Constitution. Thus, in any case where there is strong likelihood that a person(s) are being subjected to violations of their Constitutional Rights, the Public interest is served by Protecting these Rights.

D. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff's likelihood of Winning a final Judgment on the issues in his lawsuit is overwhelming. Recently, the U.S. Supreme Court has held that due Process Protections may attach to assignments to Supermaximum Prisons. WILKINSON v. AUSTIN, 125 S. Ct. 2384, 2394-95 (2005). The Plaintiff's lawsuit Reflect that Plaintiff have been assigned to Supermaximum Prison segregation isolation and sensory deprivation units for almost nine (9) years Without due Process of law and Without any Penological Justification.

The Restraining Order should be granted Without further delay because of the immenent irreparable injury Plaintiff had and will continue to suffer.

Even if this Court finds that Plaintiff is not entitled to a Restraining Order, it should grant

Plaintiff a Preliminary injunction after notice to the defendants.

A Preliminary injunction may be granted upon notice based on consideration of the same four factors discussed in Point I, supra Florida Medical Association Inc., v. United States Department of Health, Education, and Welfare, 601 F.2d. 199 (5th Cir 1979). Plaintiff incorporates that discussion by reference in this Point.

Wherefore, this Court should grant a Restraining Order, or in the alternative a Preliminary injunction, enjoining defendant A.T. Wall and his agents and employees from continue keepin the Plaintiff in segregation High security "C" status.

Respectfully submitted,

[signature]

BERNARDO FIGUEROA, #80803
ISC. P-O- BOX 8249
CRANSTON, R-I- 02920

CERTIFICATE OF SERVICE

I hereby certifies that on this 17th day of March 2006. A true copy of the within brief was mailed to the defendants and their attorney Michael Grant, at RIDOC 40 Howard Ave. Cranston, R-I- 02920

[signature]

BERNARDO FIGUEROA