UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V. C.A. No. 05-415T

ASHBEL T. WALL, ET. AL

AFFIDAVIT IN SUPPORT

I, BERNARDO FIGUEROA, UNDER PENALTIES OF PERJURY deposes AND states:

1. I AM the Plaintiff, Pro-Se, in the above entitled Action And in JUNE 1997, I Was TRANSFERRED FROM MAXIMUM security General Population to High security And Pleced in Restritive segregation

2. On July 7, 1997, I Filed A Request Asking about the Reason Why I AM Confine to High security. in Response I Was told that I Was under investigation by the S.I.U. (Special investigation Unit) Please see EXHIBIT-"A."

3. On November 13, 1997, I Was seen by Re-classification

boar, the board's Recommendation Was Maximum security Placement, And on December 3, 1997, I Was told that Mr. At-Wall denied the board's Recommendation. Please see Exhibit-"B."

4. On December 18, 1997, I Filed a grievance Concerning my Placement in High Security segregation "C" status Without due Process and Without any Penological Justification. Said grievance Was denied on December 28, 1997. Please see Exhibit-"C."

5. On January 21, 1998, I Was seen by The Classification board, the board's Recommendation Was Maximum Security Placement, on February 20, 1998, Former director of Corrections George Vose, Jr. denied The board's Recommendation and ordered that I be Classified High Security "C" Status. Please See Exhibit-"D."

6. Again I Filed a grievance Complaining about My placement in High security Without Penological Justification. Said grievance Was denied on February 18, 1998. Please see Exhibit-"E."

7. On July 10, 1998, I Filed a grievance Complaining about being held in High security segregation "C" status For over one year Without due Proces of law and Without any Penological Justification. Requesting That my

situation be corrected said was denied on July 16, 1998 please see Exhibit-"F."

8. On October 29, 1998, I and Rhode Island Prison officials agreed to settle a case I have pending at that time by arranging for me to be transferred to a confinement facility located in the State of New Jersey. The stipulation do not specifies. Please see full Exhibit-"G."

9. On August 5, 1999, I was involuntarily and by force transferred to Virginia Prison System known to be unsafety dangerous and lifethreatening, where at all time I was confined in segregation, isolation and sensory deprivation units and subjected to cruel and inhumane treatment in supermaximum prison.

10. On November 6, 2002, I complained to Virginia Prison officials about my classification annual review. In response I was told that review on out of state prisoners are done according to the state request on November 11, 2002 please see Exhibit-"H."

11. At all time Rhode Island Prison officials ie the defendants every ninety (90) days review my classification status and without me been notified and without due process protection and without any penological justification re-classified me to high

security "C" status Please see Full exhibits-"I"

12. In October 16, 2005, I was Returned to the Rhode Island Adult Correctional Institutions For alleged Courts Proceedings. And was placed in Isolation where I have been since then.

13. On January 1, 2006, I wrote to Mr DiNitto complaining about my classification status, in his Response of January 4, 2006, Mr. DiNitto stated that the High security classification board see me in absentia and Recommended High Security "C" status and that on November 18, 2005, the Assistant director Jake Gadsden approved the board's Recommendation. Please see exhibit-J.

14 On January 11, 2006, Assistant director Gadsden sent me a memo indicating to me that the Department of Corrections has no intentions of change its plans Regarding my future placement please see exhibit-"K".

15. On February 25, 2006, I submitted Request complaining about my confinement in segregation "C" status, in his Response of February 9 2006, Warden David McCauley stated that the D.O.C. determins the facility in which I will be housed, and do not

Addressed my concern which deal with segregation unit in isolation not what facility. Please see Exhibit-"L."

16. I requested my classification information sheet which indicated my classification status because since 1999 I have no see the classification board, all hearing are being conducted in absentia. Please see Exhibit-"M."

17. I have done absolutely nothing wrong and for the defendants to keeping me in isolation High Security "C" status clearly is a violation of my rights under the Federal Constitution and the laws of the United States and State of Rhode Island

Wherefore, the court should grant me a restraining order or in the alternative, a preliminary injunction enjoining defendant A.T. Wall and his agent and employees from keeping me in isolation High Security "C" status.

Respectfully submitted,

Bernardo Figueroa
I.D. # 80803
I.S.C. P.O. Box 8249
Cranston, R.I. 02920

I declare under the penalty of perjury that the above and foregoing is true and correct to the best of my knowledge signed on this 17th of March 2006

[signature]
BERNARDO FIGUEROA

## CERTIFICATE OF SERVICE

I hereby certifies that on this 17th day of March 2006, a true copy of the within Affidavit was mailed to the defendants and their attorney Michael B. Grant, Esq. at R.I. DOC 40 Howard Avenue, Cranston, R.I. 02920.

[signature]
BERNARDO FIGUEROA