UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**BERNARDO FIGUEROA**

v.  C.A. No. 05-415 T

**ASHBEL T. WALL**, et al.

### Report and Recommendation

Jacob Hagopian, United States Magistrate Judge

Bernardo Figueroa, *pro se*, an inmate in the custody of the Rhode Island Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his federally protected rights. Plaintiff names as defendants Ashbel T. Wall, Director of the Rhode Island Department of Corrections, Joseph DiNitto, Associate Director of the Rhode Island Department of Corrections, and Thomas Sullivan, Chairman of the Classification Board at the Rhode Island Department of Corrections.

Presently before the Court is the motion of the plaintiff for a temporary restraining order / preliminary injunction pursuant Rule 65 of the Federal Rules of Procedure. The defendants have not been served in this case, despite the fact that the complaint was filed on October 7, 2005. Thus, they have not supplied a response or an objection to the instant motion. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, I recommend that the motion be denied.

### Background

The following are the allegations from the amended complaint:

Plaintiff is an inmate in the custody of the Rhode Island Department of Corrections

1

("RIDOC"). In 1999, the RIDOC transferred the plaintiff in accordance with a stipulation agreement to a confinement facility in Virginia. Following his transfer to Virginia, plaintiff began complaining about alleged conditions he faced in the Virginia prisons. Plaintiff alleges that he was "physically, mentally, and psychologically tortured." Amended Complaint at p. 7, ¶ 16. In 2000, plaintiff began writing to the named defendants, detailing the alleged conditions he faced while confined in Virginia. The defendants, however, refused to transfer the plaintiff to another confinement facility.

In October 2005, the plaintiff returned to the Adult Correctional Institutions in Cranston, Rhode Island, where he is presently confined in order to participate in proceedings occurring in the state courts. By way of the instant motion, plaintiff seeks a temporary restraining order and/or a preliminary injunction enjoining the defendants from returning him to a confinement facility in Virginia.

**Discussion**

Rule 65(a) of the Federal Rules of Civil Procedure provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ.P. 65(a). Moreover, Rule 65(b) provides that a temporary restraining order shall not issue unless and until the applicant certifies to the court in writing the efforts, if any, which have been made to give notice to the opposing party and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b)(2).

Here, plaintiff filed the instant lawsuit on October 7, 2005. To the date of this writing, plaintiff has not served any named defendant. Moreover, plaintiff has not certified the efforts, if any, which have been made to provide the adverse parties with notice. Thus, plaintiff's application for injunctive relief should fail on that basis.

Notwithstanding the plaintiff's failure to address the notice requirements of Fed.R.Civ.P.

2

65, I shall address the requirements the plaintiff must meet for this Court to issue preliminary injunctive relief. To determine the appropriateness of granting preliminary injunctive relief, the plaintiff must satisfy a four-pronged test. Planned Parenthood v. Belotti, 641 F.2d 1006, 1009 (1st Cir. 1981). The plaintiff must demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction is issued; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure by the plaintiff to meet any one of the four requirements requires a denial of the motion.

To succeed on the instant motion, plaintiff must demonstrate that he suffers from some sort of immediate, irreparable injury. "The prime prerequisite for injunctive relief is the threat of irreparable future harm." National Truck Carriers v. Burke, 608 F.2d 819, 824 (1st Cir. 1979). The harm cannot be speculative, and subjective apprehensions and predictions cannot establish an immediate threat of irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d 896, 901 (1st Cir. 1988).

Here, plaintiff complains about unsubstantiated wrongs or conditions he allegedly faced while confined in a Virginia prison. Plaintiff, however, is currently confined in Rhode Island and no evidence has been presented that the plaintiff will be returned to a Virginia prison, and if so, whether he will face unconstitutional conditions. Moreover, the alleged past wrongs that plaintiff complains of cannot sustain the instant motion for injunctive relief. The harm necessary for this Court to issue preliminary injunctive relief is the potential for future irreparable harm. No evidence has been presented which demonstrates that the plaintiff will suffer any future irreparable harm.

Injunctive relief will not be granted against something merely feared as liable to occur at

some indefinite time in the future. Connecticut v. Massachusetts, 282 U.S. 660, 674 (1930). Subjective apprehensions, as here, cannot establish an immediate threat of irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d at 901.

Accordingly, I find that the plaintiff has failed to carry his burden to demonstrate that he is suffering from some sort of immediate and irreparable harm. Therefore, I recommend that plaintiff's motion be denied.

### Conclusion

For the reasons set fort above, I recommend that plaintiff's motion for a temporary restraining order / preliminary injunction be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
March 14, 2006

Accepted in the absence of an objection.

_____
Ernest C. Torres
Chief, US District Judge
Date: 4/4/06

4