UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-415 T

A. T. WALL, ET AL

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION FOR A RESTRAINING ORDER

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's application for a restraining order, as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 6th day of April, 2006, I mailed a true copy of the within Defendants' Objection To Plaintiff's Motion For A Restraining Order and accompanying Memorandum to Bernardo Figueroa, P. O. Box 8249, Cranston, Rhode Island 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-415 T

A. T. WALL, ET AL

MEMORANDUM

Plaintiff has filed a motion to enjoin the Defendants

INJUNCTIVE RELIEF

Plaintiff bears the burden to demonstrate (1) potential for immediate, (2) irreparable injury; the likelihood of success on the merits of the case; (3) the relevant balance of hardships that the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. **Narragansett Indian Tribe v. Guilbert**, 934 F2d 4, 5 (1st. Cir. 1991). Failure to demonstrate one of the requirements that necessitates a denial of the motion for preliminary and injunctive relief. Plaintiff, in his motion, indicates that he is currently on C-Status. C-Status is not segregation. The inmate is placed on C-Status, not as a punishment, but as a result of he demonstrating a chronic inability to maintain himself orderly in general population. Although the conditions of C-Status closely resemble that of punitive segregation, the underlying basis for an individual being placed on C-Status is quite different from Segregation Status.

Additionally, Plaintiff indicates that he has severe eye and ear problems. In 05-185 S, the instant Plaintiff brings the same claims against the instant Defendants. Defendants, in 05-185 S, have filed a summary judgment motion and have demonstrated that X-rays of Plaintiff

show no implants in his skull or ear canals and that the Plaintiff's eye condition does not amount to a serious medical need under the Eighth Amendment.

Moreover, Plaintiff is not entitled to be placed in any particular classification. The Director of the Department of Corrections has unfettered discretion regarding inmate housing classification process, and inmates have no constitutional or statutory protected liberty interest in Rhode Island's inmate classification process. **State v. Bishop**, 667 A.2d 275 (R. I. 1995).

Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

Respectfully submitted,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864