UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V C.A. NO. 05-415T

ASHBEL T. WALL, ET. AL.

# PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO HIS MOTION FOR TRO

Now Comes the above named Plaintiff, in Pro-se, and Respectfully state in Response to defendants' objection to his motion for Restraining Order as follows:

1. Defendants' Objection state that "C" status is not segregation. that the inmate is placed on C-status, no as a punishment, but as a Result of demonstrating a chronic inability to Remain himself orderly in general Population. Such an assertion is clearly incorrect. Plaintiff C-status Conditions of Confinement is far worse than these imposed on inmate in Punitive segregation, the Plaintiff is Confined to a cell 23 to 24 hours a day in a cell Without electricity Where the light Remains on 17½ hrs. daily, Recreation is for 1 hour per day no recreation

is allow on holiday and weekens, the recreation is only allowed in a small indoor room, no fresh air, almost all human contact is prohibited to the Plaintiff even to the point that conversation is not permitted through cell while in recreation, three showers per week, and have no been allowe telephone calls only the counselor has giving Plaintiff a telephone calls. For nine (9) years Plaintiff have been confined to segregation, isolation and sensory deprivation units. This type of isolation and severe limitations on all human contact is worse than any physical torture of the body especially when you know that you have done nothing wrong, just arbitrary use of power.

Although defendants assert that C-status is the result of the demonstrating a chronic inability to remain and maintain himself orderly in general population. The records in Plaintiff reveal that he has never demonstrating any type of chronic inability to maintain himself orderly while he was in the general population. In addition for the past 2½ year Plaintiff have remain free from disciplinary charges i.e: booking free for 2½ years.

2. Defendants when on to state in their

Objection that inmates have no constitutional statutory Protected liberty interest in Rhode Island Classification Process. State v. Bishop, 667 A.2d 275 (R.I. 1995). Recently, the Supreme Court has held that due Process Protection may attach to Assignment to Supermaximum Prisons Wilkinson v. Austin, 125 S.Ct. 2384, 2394-95 (2005). that Assignment to Supermaximum Prison imposes atypical and significant hardship on the inmate in Relation to the ordinary incidents of Prison life. and have a liberty interest in avoiding Assignment to Supermax, especially for the duration and conditions.

Here the Plaintiff Confinement to High security C-status is synonymous with extreme isolation, the Plaintiff have been and continue to be deprived of almost any environmental or sensory stimuli and almost all human contact for nine (9) years.

Finally, defendants have indicated that in 05-1855 have filed a summary judgment motion. the Plaintiff Respectfully submits that he has not knowledge of such a motion been filed because as to this day he has not been serve with any motion for sumary judgment, if said motion has been filed this court should order defendants to serve a copy on plaintiff

so that he may file his objection.

Based upon the Plaintiff's Motion for a Restraining Order or Preliminary Injunction, and the above and foregoing defendants' objection is without merit, and as a matter of law and justice should be denied and Plaintiff's Motion granted.

Respectfully submitted.

[signature]

BERNARDO FIGUEROA #80803
I.C. P.O. BOX 8249
CRANSTON, R.I. 02920

CERTIFICATE OF SERVICE

I hereby certifies that on this 12th day of April 2006, a true copy of the within response to defendants' objection was mailed to defendants' and their attorney Michael Grant, Esq at RIDOC 40 Howard Avenue, Cranston, R.I. 02920.

[signature]