**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BERNARDO FIGUEROA**

v. **C.A. No. 05 - 415 T**

**ASHBEL T. WALL**, Director, Rhode Island Department of Corrections, **JOSEPH DINITTO**, Associate Director, Rhode Island Department of Corrections, and **THOMAS SULLIVAN**, Classification Board Member, Rhode Island Department of Corrections

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Bernardo Figueroa ("plaintiff" or "Figueroa"), *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutionally protected rights. Plaintiff names as defendants Ashbel T. Wall, Director of the Rhode Island Department of Corrections, Joseph DiNitto, Associate Director, Rhode Island Department of Corrections, and Thomas Sullivan, Classification Board Member, Rhode Island Department of Corrections (collectively "defendants").

Currently before the Court is the motion of the plaintiff for a restraining order and/or preliminary injunction pursuant to Fed.R.Civ.P. 65. By way of the instant motion, plaintiff seeks an order enjoining the defendants from confining him in "segregation, isolation and sensory deprivation units [at the] High Security [Center] (supermax)[and on] 'c' status." See Plaintiff's Motion for Restraining Order and/or Preliminary Injunction, filed March 22, 2006, at 1. Defendants have objected to the motion. This matter has been referred to me for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons that follow, I recommend that plaintiff's

Case 1:05-cv-00415-T-JH Document 22-1 Filed 05/09/2006 Page 2 of 5

motion be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Background**

The following are the factual allegations taken from the Amended Complaint, plaintiff's motion for injunctive relief, and plaintiff's reply to the defendants' objection:

Plaintiff is an inmate legally confined at the Rhode Island Department of Corrections ("RI-DOC"). Defendants are officials or employees at the RI-DOC. Plaintiff alleges in his Amended Complaint that the defendants confined him at a facility located in the State of Virginia. While at the facility in Virginia, plaintiff alleges that he was confined with psychiatric patients, and that correctional officers tormented, humiliated, threatened, and harassed him. Plaintiff also alleges that Virginia officials denied him medical care and confined him in isolation and sensory deprivation units. Plaintiff also asserts that while in Virginia, the named defendants in this action held classification hearings in Rhode Island, which resulted in his placement in the sensory deprivation units in Virginia, without allowing him an opportunity to be heard and to present information or evidence.

On October 16, 2005, plaintiff alleges he was returned to the physical custody of the RI-DOC and is now confined at the Adult Correctional Institutions. Initially, plaintiff was confined at the Intake Service Center at the RI-DOC. See Plaintiff's Exhibit L (Dckt # 13-15). On March 22, 2006, plaintiff filed a motion for a restraining order and/or a preliminary injunction, alleging that he has been transferred to the High Security Center ("High Security"), "segregation, isolation, and sensory deprivation units" at the RI-DOC. Plaintiff alleges that the conditions where he is confined in High

Case 1:05-cv-00415-T-JH Document 22-1 Filed 05/09/2006 Page 3 of 5

Security are extreme: he asserts that he is confined to his cell 23 to 24 hours a day, with lights illuminated in his cell for 17 ½ hours; he complains that he is only permitted to recreate one hour a day in a small indoor room, but not on holidays and weekends; he alleges that "almost all human contact is prohibited," see Plaintiff's Response to Defendants' Objection (Dckt # 17) at 1-2; and he alleges he is only entitled to three showers per week. As relief, plaintiff seeks to enjoin the defendants from confining him at High Security in the segregation, isolation and sensory deprivation areas and on "c" classification status.

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

Here, plaintiff indicates in his Amended Complaint that he has been housed at a prison in Virginia for the past several years where various constitutional misdeeds allegedly occurred. Plaintiff, however, is no longer confined in Virginia. Plaintiff was recently confined at the Intake Service Center at the RI-DOC, but is now apparently housed at High Security on "c" status, in the "segregation, isolation, and sensory deprivation units." Plaintiff attempts to challenge his current classification and place of confinement by invoking the recent U.S. Supreme Court case of Wilkinson v. Austin, 125 S.Ct. 2384 (2005).

In Austin, inmates challenged their classification to a super-maximum facility. The super-

Case 1:05-cv-00415-T-JH Document 22-1 Filed 05/09/2006 Page 4 of 5

maximum facility confined inmates to their constantly illuminated cell twenty-three hours a day. Id. at 2389. Incarceration at the particular facility in Austin was "synonymous with extreme isolation." Id. Inmates were deprived of almost any environmental or sensory stimuli and of almost all human contact. Id. The Supreme Court found that the nature of the deprivation was "atypical and significant," pointing out that conditions were harsh, the duration of confinement at the facility was indefinite, and that placement at this particular super-maximum facility disqualifies an otherwise eligible inmate from parole considerations. The Court noted that any of "these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship within the correctional context." Id at 2395 Accordingly, an inmate alleging a due process violation as it relates to his or her classification or placement in a particular confinement facility must demonstrate an "atypical and significant hardship" in relation to the ordinary instances of prison life in order to implicate a liberty interest that is protected by the due process clause.

Here, plaintiff has failed to meet this benchmark. The conditions plaintiff faces at High Security are not an "atypical and significant hardship." First, Plaintiff's conditions of confinement are not alleged nor have then been demonstrated to be as severe as those conditions that existed at the facility in Austin. See Austin, 125 S.Ct. at 2395. Second, plaintiff's confinement in High Security is not indefinite like the confinement in Austin. See id. Plaintiff's own exhibits demonstrate that his place of confinement and his classification status is reviewed every four months. See Plaintiff's Exhibit I, (Dckt # 13-12). Therefore, I find that plaintiff has failed to demonstrate an "atypical and significant" hardship necessary to implicate a protected liberty interest under the due process clause. The conditions plaintiff faces are not as extreme as the conditions that existed in Austin.

Constitutional violations, when properly demonstrated, are presumed to demonstrate

Case 1:05-cv-00415-T-JH Document 22-1 Filed 05/09/2006 Page 5 of 5

"irreparable harm." See National People's Action v. Village of Wilmette, 914 F.2d 1008, 1013 (7th Cir. 1990). However, I find that the plaintiff has not demonstrated a constitutional violation with respect to his current confinement in High Security, and, consequently, plaintiff has not demonstrated irreparable harm. Accordingly, plaintiff's motion for a temporary restraining order and/or preliminary injunction should be denied. I so recommend.

**Conclusion**

Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagpopian
Senior United States Magistrate Judge
May 9, 2006

Accepted in the absence of an objection.
Ernest C. Torres
Chief, US District Judge
Date: 5/30/06