UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

V CA. NO. 05-415 T

ASHBEL T. WALL, ET.AL.

PLAINTIFF'S OBJECTION TO U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now Comes the Plaintiff, Bernardo Figueroa, in Pro-se, And hereby Respectfully objects to Honorable Jacob Hagopian Senior U.S. magistrate Judge's Report and Recommendation of May 9. 2006. As Follows:

the Plaintiff. in the above-entitled cause initiated an Action in this Court Pursuant to 42 USC. 1983. Alleging deprivation of his Constitutionally Protected Right.

On March 22. 2006, Plaintiff Filed A motion For Restraining order And-or Preliminary injunction seeking and order From this Court enjoining the defendants From keeping the Plaintiff in segregation, isolation and sensory deprivation Units in supermaximum Prison.

the matter Was Referred to A U.S. magistrate

Judge For A Report and Recommendation, and on May 9, 2006, the U.S. Magistrate Judge issued a Report and Recommendation, Recommending that Plaintiff's Motion For injunctive Relief be denied.

in his Report and Recommendation the Magistrate Judge Wrote: Plaintiff's Conditions of Confinement are not Alleged nor have been demonstrated to be as severe as those Conditions that existed at the Facility in Wilkinson v. Austin, 125 S. ct. At 2395. Plaintiff's confinement in High security is not indefinite like the Confinement in Austin, see id. Plaintiff's own exhibits demonstrate that his Place of Confinement and his Classification status is Review every Four months. Therefore, I Find that Plaintiff has Failed to demonstrate an "Atypical and significant" hardship Neccessary to implicate a Protected liberty interest under the due Process clause.

the conditions Plaintiff Faces are not as extreme as the conditions that existed in Austin

Constitutional Violations, When Properly demonstrated, are Presumed to demonstrate "irreparable harm" However I Find that the Plaintiff has not demonstrated a Constitutional Violation With Respect to his current Confinement in High security, and, consequently, plaintiff has not demonstrated irreparable harm. Report and Recommendation at 4-5.

the Plaintiff Respectfully submits For the Records With All due Respect that it Was in June of 1997, that he Was confined in the supermaxim

Prison alegedly Pending an investigation and despite the fact that Plaintiff was never charged of found guilty ~~an~~ of any disciplinary infraction nine years and three months he is still confined in super-maximum prison without due process and without any penological justification. Furthermore, the Plaintiff conditions of confinement in those super-maximum prison are far worse that those conditions in Austin. A review of his lawsuits and exhibits reflect this.

the Plaintiff's confinement in High security appear to be indefinite, in August 19. 2004, the Rhode Island D.O.C. classification conducted a classification status review in absentia at that time Plaintiff score 14 point and the recommedation was medium security placement. Please see Exhibits - "A" two years later and despite the fact that Plaintiff have been booking free for the past three years, he remain confined in High security segregation.

On January 1, 2006, Plaintiff wrote to defendant DiNitto concerning his classification status. in his response of January 4. 2006, Mr DiNitto advised Plaintiff that any concerns relative to his custody placement be directed to Assistant Director Gadsen. Please see Exhibit - "B"

In his response of January 11, 2006, Jake Gadsen stated: the Department of Corrections has no intentions of changing its' plans regarding your placement. Please see Exhibit - "C"

Not only the defendants have the intentions to keep the plaintiff confined in supermaximum segregation, but have made the arrangement to do so in the Virginia supermaximum prison Red Onion State Prison where the conditions are far worse that those that exhist in Austin (Ohio). Please see Exhibit-"D".

Finally, the plaintiff would like to point out the fact that (Durante) during these nine years and two months he have been confined in segregation, isolation and sensory deprivation units in supermaxes he in fact has sufered irreparable harm both physical and emotional such as self-destructive behavior that includ self-mutilation laceration to his neck and chest that require outside medical attention and treatment. Please see Exhibits-"E"; attempt suicide in numerous occasions by fire and hungry strangh, and severe depression, agitation, psychotic disorganization disassociation, hysteria etc. etc.

Wherefore, plaintiff respectfully ask that this Honorable court grant him an injunction enjoining the defendants and their agents and employees from keeping the plaintiff confined in high security (supermaxs).

Respectfully submitted,

[signature]

BERNARDO FIGUEROA
I.D. #80803
A.S.C. PO-BOX 8200
CRANSTON, RI. 02920

## CERTIFICATE OF SERVICE

I hereby Certifies that on this 30th day of August 2006. A true copy of the within objection was mailed to the defendants and their attorney Michael B. Grant. Esq. At 40 Howard Avenue Cranston, RI. 02920

[signature]