UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-415 T

A. T. WALL, ET AL

**DEFENDANTS' MOTION TO DISMISS**

Now come the Defendants in the above-entitled matter and hereby move to dismiss pursuant to Rule of Civil Procedure 12(b)(6) as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

**CERTIFICATION**

The undersigned hereby certifies that on this, the 15th day of September , 2006, I mailed a true copy of the within Defendants' Motion to Dismiss and accompanying Memorandum to Bernardo Figueroa, P. O. 8249, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA

v. C. A. NO. 05-415 T

A. T. WALL, ET AL

**MEMORANDUM**

Plaintiff is a Rhode Island penal inmate, who since 1999 has been confined in the state of Virginia, except for approximately the last five months, when the Plaintiff was returned to Rhode Island for a brief period. Defendants do intend to transfer Plaintiff to Virginia within the next few months. Plaintiff has brought this action against the Defendants pursuant to Title 42, USC Section 1983, seeking compensatory and punitive damages as well as injunctive relief. Plaintiff brings this action against A. T. Wall, the Director of the Department of Corrections, Joseph DiNitto, Director of Classification, and Thomas Sullivan, who is employed as a classification counselor within the Department and serves under Defendant DiNitto.

Plaintiff alleges that on August 5, 1999, he was transferred and confined to a facility in the state of Virginia involuntarily. Plaintiff alleges that because of the cruelty he has been experiencing in the Virginia prison system, that beginning in June, 2000, he began repeatedly writing to the Defendants, explaining to them in detail the physical and mental abuse he has been subjected to. (See Complaint, ¶ 8); that on March 2, 2000, he was transferred to Virginia, Wallins State Prison after being denied medical and dental care. (See Complaint, ¶ 9); that since June, 27, 1997, Plaintiff has been confined to

segregation, isolation and sensory deprivation units at the super-maximum security facilities. (See Complaint, ¶ 10); Plaintiff has had no work opportunities, no educational opportunities, no vocational programs for over eight years. (See Complaint, ¶ 11); that Plaintiff is not allowed to use a telephone, nor enjoy visiting privileges, not permitted to attend religious services, nor allowed access to the law library. (See Complaint, ¶ 12); Plaintiff alleges that he has had devices implanted in his ear canal, and suffers from a serious eye condition. (See Complaint, ¶ 16 and 17; Plaintiff has repeatedly informed the Defendants of serious medical conditions, which the Defendants have ignored; beginning in October, 2003, Plaintiff repeatedly wrote to the Defendants, explaining the details of the physical and mental abuse that he has been subjected to at the Virginia prison system. (See Complaint, ¶ 25); Plaintiff has requested of the Defendants that he be relocated outside of Virginia, which has been denied by Defendants. (See Complaint, ¶ 26). Plaintiff alleges that these actions violate the rules set forth in **Morris v. Travisono**, violates due process of law, and the Eighth Amendment to the United States Constitution.

The Plaintiff's complaint, with respect to Defendant Sullivan, simply alleges that in **Morris**, entitled 'Regulations', which were to be followed by Defendants, that these Rules established under **Morris** were not followed, in that the classification procedures therein, which states "an inmate shall receive timely written notice, said notice shall indicate why and also inform the inmate of his right to be assisted by a counselor at the classification meeting. This provision was not followed by Defendant Sullivan. See Complaint, p. 13.

**12(b)(6)**

In Rule 12(b)(6), motion should not be ranted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Conley v. Gibson**, 355 U. S. 41, 45-46 (1957). (footnote omitted); see also, **Ferrante v. Moran**, 618 F.2d 888-890 (1st. Cir. 1980). In making that determination, the complaint should be construed in the light most favorable to the plaintiff. E.g., **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F. 2d 13-16 (1st. Cir. 1989). than those drafted by lawyers, **Haines v. Koerner**, 404 U. S. 519 (1972).Every doubt should be resolved in a way most beneficial to the plaintiff. E.g., **Klimas v. International Tel. and Tel. Corp.**, 297 F. Supp. 937, 938 n.2 (D.R.I. 1969), and all well-pleaded allegations of the plaintiff's complaint should be accepted as true. E.g., **Miree v. DeKalb County**, 433 U. S. 25, 27 n.2 (1977). That is particularly true when the complaint is filed by a pro litigant, whose pleadings are held to a somewhat less stringent standard.

**FOURTEENTH AMENDMENT CLAIMS**

Plaintiff, in this matter, challenges the Defendants, transferring him to Virginia and also that the Defendants will not transfer him out of Virginia to some other jurisdiction. There is no liberty interest upon a transfer of an inmate to an out-of-state facility. **Sisbarro v. Warden,** Massachusetts State Penitentiary, 592 F2d, 1, 4 (1st. Cir. 1979); **Olin v. Wakinekona**, 461 U. S. 238, 103 S. Ct. 1741 (1983).

**CLAIMS AGAINST WALL, DI NITTO AND SULLIVAN IN THEIR OFFICIAL CAPACITIES**

All named Defendants are sued in their official capacities as State actors. The United States Supreme Court in **Will v. Michigan**, 109 S. Ct. 2304 (1989), held that under 42 USC § 1983, State officials sued in their official capacities as state actors, where monetary damages are sought, constitutes an action against the state itself, in light of the fact that it is the state that is the real party interest. The state is not a 'person' within the meaning of Section 1983. Accordingly, all monetary claims against Defendants Wall, DiNitto and Sullivan, in their official capacities must be dismissed pursuant to the Supreme Court's ruling in **Will.**

**RES JUDICATA/DEFENDANTS WALL AND DI NITTO**

Plaintiff alleges in his complaint that he suffered unconstitutional conditions and unconstitutional treatment at the hands of prison officials, which he notified Defendants Wall and DiNitto of. Plaintiff alleges that the Defendants DiNitto and Wall ignored his complaints and failed to take corrective action. This is not the first time that this Plaintiff has brought these identical claims against these two Defendants. Plaintiff, in Civil Action No. 01-137 T filed in this Court against Defendants Joseph DiNitto allege that he was transferred to Virginia where he was subjected to inhumane and cruel treatment and physically assaulted by several Virginia prison guards; that Plaintiff was shot by a Virginia prison guard; that Plaintiff complained to Virginia's medical staff and requested to be seen by a dentist; that Plaintiff complained to Virginia's medical staff with respect to vision problems due to a condition referred to as "progressive pterigyium". Plaintiff was seen by a physician in Virginia, Dr. Smith, regarding a medical problem he suffered involving his ear canal, due to an illegal implant conducted in Rhode Island; that Plaintiff

has sent several letters to Defendant DiNitto and A. T. Wall to report his problem in Virginia prison system and requesting to be returned to Rhode Island; that the Defendants willfully, with deliberate indifference, denied his request. See Complaint, ¶ 20 appended herewith. Plaintiff alleged that the Defendants actions violated the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff sought compensatory and punitive damages as well as injunctive relief. See Complaint, in 01-137 T attached herewith. This Honorable Court, on April 11, 2002, entered judgment on behalf of the Defendants in accordance with This Court's Orders entered on April 1, 2002. See Attached Orders appended herewith.

In 04-358 ML, Plaintiff brought a separate action before This Honorable Court against A. T. Wall and Joseph DiNitto, alleging that he was a Rhode Island penal inmate serving a sentence in the State of Virginia; that he was transferred to the state of Virginia; that he was subject to physical assault by Virginia prison guards, subject to inhumane treatment, denied medical and dental care, and was subject to general inhumane conditions at the hands of Virginia officials; Plaintiff alleges that he wrote to the Defendants regarding the abuse and inhumane treatment he was being subjected to in Virginia. He requested to be relocated outside of the Virginia jurisdiction; Plaintiff also alleged that he wrote to the Defendants in 2003 and 2004 about he being mentally and psychologically tortured in the Virginia prison, and again, requested to be relocated outside of that jurisdiction. This Honorable Court, on September 27, 2005 issued a Memorandum and Order accepting the recommendation of United States Magistrate Judge Hagopian; that there was no likelihood that the Plaintiff would prevail on the underlying claims, and that the Defendants' motion for summary judgment be granted.

On March 27, 2006, the United States Court of Appeals for the First Circuit, Appeal No. 05-2553 entered judgment mandating that the Plaintiff's appeal of 04-358 ML was voluntarily dismissed pursuant to Federal Rule of Appellate Procedure 42 (b). See Memorandum and Order issued by This Court and Judgment by the First Circuit appended herewith.

The doctrine of *res judicata* is that a final judgment by a Court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. **Torromeo and MDR Corporation v. Town of Fremont, New Hampshire**, F.3d 113, 116 (1st. Cir. 2006). For *res judicata* to apply, three elements must be satisfied. The first is that the parties must be the same or in privity with one another; the second, that the same cause of action must be before the Court in both instances, and; a final judgment on the merits must have been rendered in the first action. Id. at 116.

There is no question that this same Plaintiff brought the same cause of action against the same Defendants, DiNitto and Wall on at least two previous occasions before This Court in 01-137 T and in 04-358 ML. In both of those previous actions, Plaintiff alleged against these same Defendants that his confinement in Virginia was unconstitutional; that he was being subjected to physical abuse, denial of medical care, in not being treated for an eye condition and having implants removed from his ear canal. These very same allegations are made in the instant action. Moreover, these very same claims are currently pending before This Court in 05-185 S, which the Defendants have filed a dispositive motion and which is presently pending before This Court. Accordingly, the instant action against Defendants DiNitto and Wall is barred by the

doctrine of *res judicata* and the Defendants urge that This Court deem the instant complaint against these Defendants as frivolous.

**CLAIMS AGAINST DEFENDANT SULLIVAN**

Plaintiff brings this action against a third Defendant, Thomas Sullivan, who is a classification counselor with the Rhode Department of Corrections. The Complaint alleges that Plaintiff has the benefit of the Rules and Regulations set out in **Morris v. Travisono**, 499 F. Supp., 149. Plaintiff alleges that in Section B of those provisions, that an inmate has a right to a timely written notice of a Classification Board Hearing, which shall indicate why he is having the hearing and also, to inform the inmate of his right to be assisted by a counselor at the Classification meeting. Plaintiff indicates that those provisions were not followed by Defendant Sullivan, and as a result, Plaintiff was denied due process of law. Plaintiff, however, fails to specify with particularity as to how Defendant Sullivan violated those provisions. However, notwithstanding the general allegations against Defendant Sullivan, the United States Court of Appeals in **Heon v. Vose**, No. 95-2137 on August 12, 1996 held that the classification provisions under the rules of **Morris** do not provide a State prisoner to any State-created liberty interest entitling them to due process of law under the United States Constitution. The First Circuit in **Heon** held that "rather, he [inmate] must show (as he failed to do) that the restriction placed on him by prison officials imposes an 'typical significant hardship. . . in relation to the ordinary incidents of prison life.' " See attached Order. Accordingly, the regulations that the Plaintiff relies upon in Morris do not bestow any due process right under the Constitution.

STATUTE OF LIMITATIONS

Although the Plaintiff brought the instant action in 2005, the complaint states, the alleged wrongful conduct of the Defendants occurred in 1997, 1998, 1999 and 2000, it is not until ¶ 25 of the Plaintiff's complaint that he indicates that in October, 2003, he repeatedly informed the Defendants the details of the physical and mental abuse he is subjected to in the Virginia prison system. Plaintiff, at the time he filed the instant complaint, was not exempt from the normal three-year limitation period applicable to personal injury actions. See R. I. Gen. L. § 9-1-14 and § 9-1-19. All of the instant claims against all Defendants are barred by the three-year limitation period, except possibly, Plaintiff's claim that he notified the Defendants of the physical and psychological abuse he was receiving from prison officials.

In light of the above, Plaintiff can prove no set of facts which entitle him to relief. The claims against Defendants DiNitto and Wall are barred by the doctrine of *res judicata* in that they have been previously litigated, and the merits adjudicated, in at least two other previous actions filed in this Court, and the claims against Defendant Sullivan fail to state a claim upon which relief can be granted, in that the Morris Rules have been held not to bestow any state-created liberty interest under the United States Constitution to prisoners.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864