# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA.

v. C.A. NO. 01-137T

JOSEPH A. DiNITTO, ET. AL.

## AMENDED CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

Now Comes the Plaintiff, Bernardo Figueroa, in Pro-se, And Pursuant to Rule 15(a) Of the Fed. R. Civ. P. And this Courts directive ORder OF December 16, 2002, Amends his Civil Rights Complaint And State the Followings:

## PARTIES

Denied

1.- At all times herein material, Plaintiff Bernardo Figueroa Was and have been sentenced to the Custody, Care and Control of the Rhode Island Department of Corrections (RIDOC).

WO

2.- At all times herein material, defendant Joseph A. DiNitto was and have been employed by RIDOC, as Associate Director - Chief of Classification, and interstate Corrections Compact Administrator, he hold Primary Responsibility for Rhode Island inmates Transfer, and all matters relatives to Rhode Island inmates housed in out-of-state confinement facilities under the inter-state Corrections Compact Agreement. Defendant DiNitto is sued in his individual and official capacity.

A/D

## JURISDICTION

3.- this Court's Jurisdiction is invoked Pursuant to 42 U.S.C. 1331 and 1343, the substantive claims herein arise under 42 USC 1983, and the Eighth and Fourteenth Amendments to the United States Constitution. The Pendent Jurisdiction of the Court is also invoked.

## FACTUAL ALLEGATION

D

4.- On August 5, 1999, Plaintiff was arbitrarily, by force and in retaliation transferred from the Rhode Island A.C.I. to a confinement facility located in the state of Virginia under the interstate Corrections Compact Agreement. Where the Plaintiff was subjected to inhumane-

Abusive and Cruel treatment, and Physically assaulted by several Virginia Prison guards.

5.- D Because the Physical assault [By whom] and the inhumane and cruel treatment [what happened] Plaintiff was subjected, he contacted the Federal Bureau of Investigation (FBI). to Report his Problems and in retaliation for his contact with the F.B.I. the Plaintiff was transferred to the well known Super-Maximum facility. the Virginia's Wallens Ridge State Prison (WRSP).

D 6.- Upon arrival to WRSP. the Plaintiff was Placed in full mechanical restraints for extended Periods and threatened with injury by Prison guards who repeatedly and unnecessarily restrained and searched Plaintiff and subjected him to ethnic slur because of his hispanic heritage.

7. On April of 2000. Lt. Canton with other correctional officers, Polices dogs and electroshock weapons went to Plaintiff cell and cut off all his hair by force.

w/o 8. the Plaintiff then was confined to a cell with a heavy smoker with who he have Problems, Plaintiff filed a complaint and because of said complaint on April 26, 2000, Approx. 12:35 AM. the Plaintiff was

dragged out of his cell and placed in five (5) points restraints in an isolated dirty cell which is illuminatted by two different lights 24 hours a day for extended periods.

9. On or about October 2000, without warning or provocation Plaintiff was shot by Virginia WRSP guard with a shot gun. And when the investigation was conducted the WRSP investigator did not based and or made his report on was really happened, but on what his superior expected him to report (a false report).

10. When Lawrence J. Frazier was murdered (Connecticut inmate) by Virginia WRSP guards, a shot gun was pointed to Plaintiff face by a guard who did threatened the Plaintiff and told him. you don't see nothing and better keep your mouth shot, and moved Plaintiff to other cellblock.

11. On several occasions the Plaintiff complained to WRSP medical staff of having tooph pain requesting to be seen by a dentist. However, as to this date Plaintiff has not yet been seen by the dentist and not dental care has been provided to the Plaintiff.

12. On May 2000 and in other several occasions Plaintiff complained to WRSP medical staff of having problems with his vision due to a progressive Plerigyium inside his eye. Ten month later February 15, 2001 Plaintiff was seen by the ophtometrist Doctor Owens, who indicated to Plaintiff that he needed eye surgery and that said surgery will be scheduled. in addition he prescribed certain specific medication necessary for the treatment of Plaintiff's eye medical condition.

13. For over five months periods the Plaintiff was requesting his medication but to not avail, and due to the denial of his eye medication and the constant exposure to 24 hours light in the cell Plaintiff is now suffering from myopic macular degeneration which cause blindness.

14. On March 9, 2001, the Plaintiff was seen by Doctor Smith at WRSP regarding medical problems in his ear channel due the illegal implant conducted in Rhode Island. Doctor Smith prescribed acetasol otic (Vosol) ear drops for the Plaintiff and because the medication was not provided, the Plaintiff filed a grievance and in response he was told: this has been noted and will be addressed, but as to this date the medication has not been provided and the situation not addressed

15. IN the WEEKS AND MONTHS that Followed the Plaintiff Consult With Doctor OWENS. he Complained to Medical staff at WRSP about his eye condition getting worse. In doing so. he inquired of them When in fact he Was going to have the surgery done. in Response the WRSP hospital administrator Teresa Johnson told Plaintiff that he has to Wait until he be Returned to his state because the YDOC Will not gonna pay for that surgery.

16. On May 16, 2001, Plaintiff filed Complaint Complaining about the Reason Why he Was being denying Participation in any constructive Programs and everything that Were afforded to virginia inmates. in Response Lt. hall told Plaintiff you are being discriminated against.

17. Since his Placement in WRSP. the Plaintiff Was subjected to semi-starvation, Racial discrimination, denial of medical and dental care, Prescribed medication and medical treatment; denial of access to the courts, sleep deprivation, mail tampering and loss, Restricted movement handcuffed behind the back, legs shackled and escorted by two guards Whenever leaving the cell, and other Physical, Psychological and Chemical techniques Were using Willfully and deliberately to alter Plaintiff's behavior

to Justify these evil and malicious actions against the Plaintiff.

18. the Plaintiff contacted the U.S. Justice Department and the FBI who in several occasion meet and interviewed the Plaintiff in addition Plaintiff filed a civil actions Figueroa v. Young, et. als.; which still pending (CA-No. 7:01 cv 679) U.S. District Court Roanoke Division.

19. in retaliation for his legal activities against WRSP officials they confiscated Plaintiff legal material and charged him with possessing contraband, and to makes matter even worse Plaintiff received $10.00 and $5.00 dollars fine as punishment for exercising his right of access to the courts, and placed in segregation

not specific as to what π apprised Doc of

20. On several occasions Plaintiff sent letters to defendants DiNitto and A.T. Wall to report his problems in Virginia prison and requesting to be returned to Rhode Island, the defendants with willful deliberate indifference denied all Plaintiff requests.

21. Because his contact with the Justice Department and the F.B.I. and the civil action, Plaintiff was then transferred

to the Worst Virginia lock down institution Sussex 1 State Prison (SISP) Death-Row Facility Were Plaintiff can't describe with words what he is being subjecting to.

22. Plaintiff is aware that defendants DiNitto and other RIDOC staff knowingly and intentionally collaborated and directed those evil and malicious actions against him.

Plaintiff have enclosed with this Amended Complaint exhibits "A" through "W" for this Court Review and Consideration.

## LEGAL CLAIMS

## COUNT-I

the acts and omissions of the defendants as described in the within complaint have subjected Plaintiff to cruel and unusual Punishment in violation of the eighth Amendment to the United States Constitution. In that Plaintiff has been subjected to cruel and abusive treatment in Virginia Prison on a continuing basis and defendants knows of and continues disregarding an excessive risk to Plaintiff life and physical well-being.

# COUNT-II

the Acts and Omissions of the defendants as described in the within Complaint Constitutes Willful deliberate indifference to the Risk that Plaintiff may suffer Serious Physical injury or death at hands of Virginia Prison guards.

# COUNT-III

## DELIBERATE INDIFFERENCE TO PLAINTIFF'S NEEDS

23. the Plaintiff herein incorporates by Reference and Realleges each and every allegation set forth above in Count-I. through Count-II. inclusive, in this Count-III.

24. the Plaintiff has suffered Severe and Permanent Personal injuries as a Result of defendant's deliberate indifference to his needs, both Physical and emotional including but not limited to, Pain and suffering, humiliation, mental fright and shock, the loss of capacity the loss of enjoyment of life and other injuries.

25. the actions of the defendants, in acting with deliberate indifference towards the Plaintiff's serious medical and Physical needs were

Willful, Reckless, Wanton and Without legal Justification

26. In acting With deliberate indifference to the Plaintiff's Serious Medical and Physical needs the defendants were acting in accordance With Policies Practices, Customs and Procedures that were tolerated by the Rhode Island Department of Corrections, and which in effect, encouraged and Condoned the deprivation of Civil and Constitutional Rights of individual inmates.

COUNT-IV

VIOLATION OF CONSTITUTIONAL RIGHTS

27. the Plaintiff herein incorporates by Reference and Realleges Each and every allegation set forth above in Count-I, through Count-III, inclusive, in this Count-IV.

28. the actions of the defendants. in viciously violating the Plaintiff's Rights Constitutes a violation of the Plaintiff's Rights under the eighth and Fourteenth Amendment to the United States Constitution.

29. As a result of said violation of his Constitutional Rights, the Plaintiff has suffered Severe and Permanent Personal injuries, including, but not limited to, Pain and Suffering, Mental anguish

humiliation, fright and shock, severe depresion, impairment of his mental and physical capacity, the loss of enjoyment of life and other injuries.

30 the actions of the defendants in viciously acting against the plaintiff were wilful, reckless, wanton, and without legal justification.

31. the actions of the defendants in viciously depriving plaintiff of his constitutional rights were in accordance with policies, practices, procedures and customs of the Rhode Island Department of Corrections, which tolerated and condoned such actions against inmates by correctional staff.

## RELIEF REQUESTED

Wherefore, the plaintiff respectfully requests the following relief:

A. that the court grant a preliminary and permanent injunction enjoining the defendants and their agents from keeping the plaintiff confined in any Virginia confinement facility.

B. that the court issue an order directing the defendants to immediately arrange to have plaintiff returned to the Rhode Island A.C.I.

C. that Plaintiff be awarded fifty thousand dollars ($50,000.00). in compensatory damages as against the defendants.

D. that Plaintiff be awarded fifty thousand dollars ($50,000.00), in Punitive damages as against the defendants.

E. that he be awarded attorney's fees and litigation cost as against the defendants Pursuant to the Provisions of R.I. Gen. Laws and 42 USC 1988.

F. that Plaintiff be awarded interest and costs along with such other and further Relief as may be deemed appropriate under the Circumstances.

Respectfully submitted,

[signature]

Bernardo Figueroa #272332
Sussex 1 State Prison
24414 Musselwhite Drive
Waverly, Virginia 23891

CERTIFICATE OF SERVICE

the undersigned hereby certifies that on this 30 day of December 2002, I mailed a true copy of the Plaintiff's amended Complaint

to defendants' attorneys. Michael B. Grant, Esquire and Patricia Anne Coyne-Fague, Esq. at the RIDOC 40 Howard Avenue. Cranston, Rhode Island 02920.

[signature]

BERNARDO FIGUEROA