IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BERNARDO FIGUEROA,
PLAINTIFF,

V. C.A. No. 04-358 ML

ASHBEL T. WALL, DIRECTOR,
Rhode Island DEPARTMENT
OF CORRECTIONS, AND
JOSEPH A. DiNitto, Associate
Director, Classification RIDOC.
DEFENDANTS.

## CIVIL RIGHTS COMPLAINT WITH JURY DEMAND

## INTRODUCTORY STATEMENT

this is a 1983 Civil Action for injunctive Relief and money damages Filed by the Plaintiff Bernardo Figueroa, against the Rhode Island Department of Corrections (RIDO), and certain individual Prison Official. the Plaintiff bring this Civil Rights Action to Redress the deprivation under color of state law of Rights, Privileges and immunities secured to him by Provision of the

Eighth amendment to the United states Constitution. Plaintiff claims in this action that he has been subjected to violation of his civil and constitutional Rights as a Result of the defendants transferred him to a Prison system know to be dangerous and Hostile and showed Willful deliberate indifference to his health and safety by Refusing to Relocate him out of said dangerous Prison system.

JURISDICTION

this Court has Jurisdiction over the Plaintiff's Claims under 42 USC 1331 and 1343. the substantive claims herein arise under 42 USC. 1983 and the eighth amendment of the United states Constitution. the Pending Jurisdiction of the court is also invoked.

PARTIES

Plaintiff Bernardo Figueroa is sentence to the Custody and care of the Rhode Island Department of Corrections and Presently confined like a hostage in Virginia lack down supermaxim security Prison pursuant to a Retaliatory Transfer.

At all times herein material defendant Ashbel T. Wall was and have been the Director of

Rhode Island Department of Corrections (RIDOC). Pursuant to R.I. Gen. Laws 42-56-10 (v) he is Responsible for the safety and Welfare of the Plaintiff and all inmates commited to his custody and Control. Plaintiff Contends that defendant Wall have ann continue being deliberate indifferents to his health and safety. Defendant Wall is sued in his individual and official capacity.

At all times herein material defendant Joseph A. DiNitto Was and have been Associate Director of the RIDOC. He is Responsible for all Rhode Island A.C.I. inmates confined in out-of-state Prison Pursuant to interstate Compact. Plaintiff Charges that defendant DiNitto Was and continue being deliberate indifference to his health and safety. Defendant DiNitto is sued in his individual and Official Capacity.

## FACTS

D) 1. Plaintiff Bernardo Figueroa, Who is sentenced to the Custody and Control of the RIDOC. And is a Rhode Island Prisoner. R.I. Gen laws 11-25-17 id. 12-19-25. However, On October 29, 1998. Plaintiff and Rhode Island Prison Officials

agreed to settle Pending Cases that he have at that time, by arranging for the Plaintiff to be transferred to a Confinement Facility located in the State of New Jersey.

D 2. On or about December 1998, during a Conference Held in the U.S. District Court before U.S. Magistrate Judge Jacob Hagopian. Attorney Michael B. Grant indicate that RIDOC officials had secured confinement facilities lou the State of Virginia to transfer the Plaintiff. the Plaintiff objected to be transferred to Virginia or New Mexico.

D 3. Over the Plaintiff objection, on August 5, 1999, he was dragged out of his assigned cell and arbitrarily and by force transferred to a Virginia confinement facility.

D 4. Do to the cruelty Plaintiff was experiencing in Virginia Prison he contacted Rhode Island officials i.e. defendants to report his problems and requesting to be relocated outside of Virginia's jurisdiction. Because they refused on February 23, 2001, Plaintiff initiate an action against them which was dismissed on April 11, 2002, the Plaintiff appealed to the First Circuit U.S.

Court of Appeals, said court on December 9, 2002 vocated the eighth Amendment claim. Ruling that Figueroa is a Rhode Island Prisoner and eve while confined in a out-of-state Prison defendants might be held Responsible if knew of the unconstitutional conditions and Refused to Relocate Figueroa.

5. Rather than take action to Relocate the Plaintiff outside of Virginia Jurisdiction the defendant of the RIDOC directed Virginia Prison officials to confine Plaintiff in high security segregation.

6. the Plaintiff was then moved to SISP and Placed in segregation. While in the Virginia Sussex 1 State Prison Plaintiff was Physically assaulted by Virginia Prison guards and subjected to brutal and vicious Physical Punishment.

7. Due to the cruelty he experiencing in SISP, Plaintiff contacted the defendant explaining them in detail the abusive, cruel and inhumane treatment he was being subjected Requesting to be Relocated outside Virginia Jurisdiction. Because the defendants again Refused to Relocate him, he attempted to amended the Remainded eighth Amendment, and because this Court no allow him to do so on May 15, 2003, he initiated a new action and add

NEW DEFENDANTS. FIGUEROA v. DINITTO, et. AL C.A. NO. 03-186 ML.

8. AFTER being SUBJECTED TO VICIOUS PHYSICAL PUNISHMENT, PHYSICALLY ASSAULTED, DENIAL OF MEDICAL AND DENTAL CARE, STARVED AND THREATENED THE PLAINTIFF CONTACTED THE F.B.I. AND RHODE ISLAND OFFICIALS TO REPORT his SERIOUS PROBLEMS. THEN IN RETALIATION ON SEPTEMBER 25, 2003, PLAINTIFF

D WAS TRANSFERED to THE WELL KNOW FROM IT BRUTALITY AGAINST PRISONER THE VIRGINIA SUPER-MAXIMUM SECURITY PRISON "RED ONION STATE PRISON" (ROSP).

9. THE DAY PLAINTIFF ARRIVED TO ROSP, HE WAS

w/o told YOU AT RED ONION NOW IF YOU ACT UP WE WILL KILL YOU AND THERE IS NOTHING ANYONE COULD OR WOULD DO ABOUT IT.

w/o 10. PLAINTIFF WAS THEN CONFINED TO AN ISOLATED EMPTY CELL PAINTED COMPLETELY WHITE AND ILLUMINATED 24 HOURS A DAY BY TWO VERY BRIGHTS LIGHTS. THERE WAS ALSO FECES AND BLOOD ON THE WALL AND FLOOR.

D 11. ON OCTOBER 5, 2003, APPROX. TWENTY (20) PRISON GUARDS SUIT-UP WEARING GAS MASK ENTERING IN THE SMALL HOUSING UNIT AND AFTER SPRAYING

differents Kinds of chemical gasses beging to beating inmates in their cells. Plaintiff was coughing and choking and complaining that he breathe. A superior prison guards told him stop complaining you will be next. Plaintiff then asked for medical attention and treatment which was denied to him.

D 12. Plaintiff substained serious injury to his Right knee and as a consequence of being denied adequate medical attention and treatment it has became a permanent knee injury.

w/o 13. On October 27, 2003, and in other occasions Plaintiff was placed in the outside small yard inside a small cage like a dog's kennel while raining with very cold temperature without winter clothing and left in there for several hours

w/o 14. On several occasion while escorted by guards handcuffed behind the back and leg shackled, prison guards willfully and maliciously steped in the leg shackle while Plaintiff is walking, causing him cut through his ankles skin.

D 15. On December 27, 2003, without warning or provocation officer McCown viciously assaulted the Plaintiff with a set of handcuff causing

him severe injury. Plaintiff filed several complaints and grievance and in each response he was told that it never happen.

New Claims

w/o 16. During January 9, 10 and 11, 2004, Plaintiff was denied his meal. it is the policy of Red Onion to serve only two (2) meals a day and when an inmate have problems with staff he is placed in foods (meals) restriction up to three days.

w/o 17. On January 12, 2004, in protest for been denied his meals during three days Plaintiff damaged the very small sprinkler head. Then Lt. Mullins, sgt. Fleming with several Prison guards suit up with gas mas and Police dog went to Plaintiff cell and give him an order to present himself to be handcuffed Plaintiff complied with the order. all Plaintiff legal materials, clothing, cosmetic and all belonging was confiscated, then whe Plaintiff complained about the reason why Lt. Mullins viciously punched him in the face and told him keep your mouth shut, then several Prison guards dragged Plaintiff out of the cell and confined him to the strip cell and placed him in four point restrainst. at not time Plaintiff recist or fight back. He filed several complaints and grievance, in response he was told that he have

No evidence to support his complaints.

W/O

18. From January 12, 2004, through February 27, 2004, Plaintiff was confined to strip-cell, unclothed barefoot no cosmetic and surrounding by inmates afflicted with serious mental disoders. Where Plaintiff was physically, mentally and psychologically tortured.

W/O 19. On February 4, 2004, Sgt. J. Fleming and several prison guards and while Plaintiff was in strip-status damaged and wetting his legal material with some unidentified liquid which smell like urine just in retaliation for complaints and grivance Plaintiff filed against them.

W/O 20. Again on February 11, 2004, Sgt. J. Fleming Officer Lyall take Plaintiff out of his cell and while Lt. Mullins and Sgt Fleming were treatening Plaintiff with abuse Officer Lyall was damaging Plaintiff legal materials and personal belongings and then after finish damaging my property they joking about the way they did it.

W/O 21. 21. At night time every time prison guards made security rounds they kick, knocking and move the cell door, not only to disturb Plaintiff sleep, but also to achieve physical and psychological welfare objective.

w/O

22. On October 20, 2003, Plaintiff complained to ROSP Medical and Prison Staff that the constant exposured to the brights illumination 24 hours a day aggravates the serious conditions of his eye i.e. macular degeneration and progressive Pterygyun. in response Plaintiff was told: You were examined by the optometrist on 10-9-03.

w/O

23. On October 31, 2003, Plaintiff File grievance complaining about the serious conditions of his eye being getting worse as a result of the constant exposure to very bright illumination 24 hours a day in response he was told that on october 9, 2003 Doctor Owens found no medical need for less lumination in your cell. Plaintiff appealled to the Health service Director and the appeal was denied

w/O

24. Between october 24, 2003 and February 6, 2004, Plaintiff Filed several complaint and grievance about his eye condition, in doing so he inquired from ROSP Medical and Prison staff when in fact he was going to receive the prescribed and schedule eye surgery i.e., Pterigyin in response he was told if the institutional Physician; (who is not a eye doctor) Feels it is medically necessary for you to have surgery he will make the necessary arrangements.

25. DESPITE THE FACT THAT DOCTOR GRENE IS NOT AN EYE DOCTOR AND THAT THE EYE DOCTOR DID PRESCRIBED THE EYE SURGERY FOR THE PLAINTIFF DOCTOR GRENE TOLD THE PLAINTIFF THAT HE FEEL THAT THE EYE SURGERY IS NO MEDICA NECESSARY.

w/o

26. ON OCTOBER 23, 2003, PLAINTIFF FILED A COMPLAINT TO ROSP MEDICAL AND PRISON STAFF COMPLAINING ABOUT HAVING SEVERE PAIN AND DISCOMFORT INSIDE AND AROUND HIS EAR CHANNELS AND TROAT DUE TO IMPLANTED DEVICES. AFTER CONDUCTING A EXAMINATION DOCTOR GRENE FOUND THAT PLAINTIFF HAVE A EAR CHANNEL INFECTION AND THAT HIS TROAT WAS SWOLLEN AND PRESCRIBED MEDICATION WHICH WAS NOT PROVIDED.

w/o 27. AGAIN ON OCTOBER 27, 2003, PLAINTIFF COMPLAINED THAT HE EARS CONDITION IS GETTING WORSE REQUESTING THAT THE IMPLANTED DEVICES BE REMOVED IN RESPONSE HE WAS TOLD NEED MORE INFORMATION AS TO WHEN WAS THIS PLACED AND BY WHOM. PLAINTIFF FILED A GRIEVANCE AND PROVIDED THE REQUESTED INFORMATION. IN RESPONSE HE WAS TOLD: INVESTIGATION REVEALS THAT IT IS DOCUMENTED THAT YOU DO HAVE EAR IMPLANTS BILATERALLY, HOWEVER THERE IS NO MEDICAL NEED AT THIS TIME TO HAVE THEM REMOVED. THIS MEDICAL JUDGMENT WAS MADE BY MR ARMENTROUT, ASSISTANT WARDEN OPERATION WHO IS NOT A DOCTOR.

28. The Plaintiff appealed the decision of the assistant Warden, the appeal was considered to be unfounded and was denied.

W/O 29. On December 7, 2003, Plaintiff filed a complaint complaining about continuing experiencing pain and discomfort inside his ear channels and throats and requesting to be seen by a qualified Doctor. In response to said complaint and grievance Warden Braxton told Plaintiff Doctor Greene checked the ears canal and saw no foreing body, referrals to outside physicians are only ordered as needed by Dr. Greene, your grievance is considered to be unfounded. Plaintiff appealed and the appeal was denied. Since them Plaintiff had suffered several ears canal and throats infection and continue experiencing severe pain, discomfort and difficulty to hear, and nothing is done to correct his serious condition.

W/O 30. From October 2, 2003 through February 27, 2004, Plaintiff filed several complaints complaining about having severe tooth pain and requesting dental attantion and treatment each time Plaintiff was told your name is in the dentist list, but not dental care was provided to the Plaintiff.

31. AGAIN ON JUNE 8, 2004. PLAINTIFF FILED A COMPLAINT COMPLAINING ABOUT BEING DENIED DENTAL ATTENTION AND TREATMENT FOR SEVERAL YEARS AND REQUESTING TO BE SEEN BY A DENTIST. IN RESPONSE HIS WAS TOLD DENTAL CARE ARE PROVIDED AS TIME PERMITS.

W/D 32. PLAINTIFF THEN FILED A GRIEVANCE CONCERNING BEING DENYING EMERGENCY DENTAL ATTENTION AND CARE FOR HIS PAIN. THE GRIEVANCE WAS RETURNED TO THE PLAINTIFF INDICATING ATTACH THE INFORMAL WHEN YOU ADDRESSED PAIN AND DISCOMFORT. TO DR. BAILEY. NO DENTAL CARE WAS PROVIDED

W/D 33. AGAIN ON JUNE 15, 2004. PLAINTIFF FILED A COMPLAINT TO WARDEN BRAXTON COMPLAINING ABOUT BEING DENIED NEED AND REQUESTED DENTAL ATTENTION TO TREATS HIS TOOTH PAIN. IN RESPONSE PLAINTIFF WAS TOLD WHAT IN YOUR DENTAL NEED YOU HAVE THAT IS AN EMERGENCY. NO DENTAL CARE WAS PROVIDED.

W/D 34. ON JULY 11, 2004. PLAINTIFF PROVIDED THE REQUESTED DENTAL EMERGENCY INFORMATION I.E. SEVERE PAIN AND DISCOMFORT AND IN RESPONSE HE WAS TOLD YOU HAVE BEEN SCHEDULED TO SEE THE DENTIST. BUT NO DENTAL ATTENTION AND TREATMENT WAS PROVIDED

W/O

35. AFTER WAITING FOR TWENTY DAY FOR DENTAL ATTENTION WHICH HAS NOT YET BEEN PROVIDED ON AUGUST 5, 2004, PLAINTIFF REFILED A GRIEVANCE COMPLAINING ABOUT SERIOUS AND SEVERE TOOTH PAIN AS TO THIS DATE GRIEVANCE NO. 620-20321 HAS NOT YET BEEN ANSWERED AND NOT DENTAL ATTENTION AND TREATMENT HAS BEEN PROVIDED AND ONLY GODS KNOW THE PAIN AND SUFFERING PLAINTIFF HAVE AND CONTINUE EXPERIENCING THE PAIN IS HIS TOOTH IS VERY SEVERE.

D

36. DEFENDANTS A.T. WALL AND V.A. DINITTO NOT ONLY WERE ON NOTICE OF THE CRUELTY PLAINTIFF WAS BEING SUBJECTED IN VIRGINIA PRISON, BUT ALSO COLLABORATING AND DIRECTING THESE UNCONSTITUTIONAL ACTIONS AGAINST THE PLAINTIFF.

Fails to state a claim

37. ON OCTOBER 8, 2003, PLAINTIFF WROTE A LETTER TO THE DEFENDANTS EXPLAINING TO THEM THE CRUELTY HE HAVE BEEN EXPERIENCING AT THE VIRGINIA RED ONION STATE PRISON (ROSP). IN HIS RESPONSE OF OCTOBER 20, 2003, DEFENDANT DINITTO STATED: YOUR LETTER IS BEING FORWARDED TO OUR LEGAL DEPARTMENT FOR THEIR REVIEW.

38. ON OCTOBER 23, AND OCTOBER 30, 2003 PLAINTIFF SENT LETTERS TO THE DEFENDANTS EXPLAINING THEM THE SERIOUS PROBLEMS HE WAS

having in ROSP. and Requesting to be Relocated outside of Virginia Jurisdiction. In his Response of November 17, 2003, defendant DiNitto stated: Please be advised that I am denying your Request and with willful deliberate indifference to Plaintiff health and safety Refused to take corrective action.

2004 letter to DOC for VA

39. On November 16, 2003 again Plaintiff wrote letters to the defendants to Report the Problems he was experiencing and denial of medical and dental care, and Requesting to be Relocated outside of Virginia Jurisdiction

40. On October 25, 2003, defendant Wall Respond to Plaintiff and stated be advised that I am forwarding your correspondence to Associate Director Joseph A. DiNitto I.C.A. Mr. DiNitto will addresse your concern with Virginia DOC authorities. In his Response defendant DiNitto stated: be advised on Nov. 24, 2003, a letter was sent to Terry Glenn, Regarding your alleged complaint in the Commonwealth of Virginia and no corrective action was taken.

41. On December 2, 2003, again Plaintiff wrote to defendants explaining in detail

the abuse and inhumane treatment he was being subjected in Virginia Prison, requesting to be relocated outside of Virginia jurisdiction. In his response of December 16, 2003. defendant DiNitto stated: I am denying your request. I feel that it is in the best interest of both you and this Department to have you remain in Virginia jurisdiction and willfully and maliciously refused to relocate Plaintiff.

42. On December 28, 2003, Plaintiff wrote to the defendants explaining them that he was being physically mentally and psychologically torturing in Virginia Prison requesting to be relocated outside of Virginia jurisdiction the defendants never answer Plaintiff's letters.

Fail to state a claim

43. On January 11, and 14, 2004, Plaintiff again wrote to the defendants to report more problems he was experiencing in Virginia and requesting to be relocated outside of Virginia jurisdiction. defendants did not respond and or take corrective action.

D

44. the defendants of the Rhode Island Department of Corrections were on notice and knows that Plaintiff has been subjected to serious unconstitutional conditions on a continuing basis in Virginia Prison and

Willfully maliciously and sadistically continue disregarding an excessive risk to Plaintiff's health, safety and life. With the very purpose of causing him serious physical harm or death.

45. the Plaintiff has suffered severe and permanent personal injuries as a result of the defendants' deliberate indifference to his need both physical and emotional including but not limited to, pain and suffering mental anguish, humiliation severe depression, mental fright and shock, the loss of capacity and other injuries.

46. the actions of the defendants in acting with deliberate indifference towards plaintiff's serious medical and physical needs were and continue to be wilful, reckless, and wanton with a culpable state of mind akin to criminal recklessness and without penological justification

47 in acting with deliberate indifference to plaintiff's serious medical and physical needs the defendant were acting in accordance with the policies, practices, procedures, and custom that are tolerated by the R I D O C which in effect encouraged and condoned such actions against individual inmates.

48. The actions of the defendants in viciously violating the Plaintiff's Rights constitutes a violations of Plaintiff's Rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.

49. As a Result of said violation of his Constitutional Rights Plaintiff has suffered severe and Permanent Personal injuries including but not limited to. Pain and suffering, humiliation severe depression, mental anguish, impairment of his mental and Physical capacity and other very serious Physical injuries without any justification

50 the actions of the individual defendants in viciously acting against Plaintiff were Willful Reckless, and wanton and done maliciously and sadistically for the Purpose of causing harm and damages to Plaintiff.

51. the actions of the defendants in viciously depriving Plaintiff of his Constitutional Rights were in accordance with the Policies Practices, custom and Procedures of the RIDOC, which tolerated and condoned the deprivation of constitutional Rights of individual inmates by correctional staff.

the Plaintiff has furnished ample information that a pervasive violation of his Civil and Constitutional Rights have occurred. This court based on the information presented should intervene in Plaintiff behalf to ensure that no more harm damages or death is incurred. Plaintiff should and must not remain confined in Virginia Jurisdiction. Plaintiff confinement in Virginia Prison have amount to a manifest injustice which could not be remedied while confined in Virginia Jurisdiction.

LEGAL CLAIMS

Paragraphs 1 through 59 are incorporates herein by reference.

COUNT - I

the Acts and Omissions of the named defendant as described in the within Complaint have denied and continue to deny Plaintiff's Fourteenth Amendment Rights to due Process and equal Protection of law. in that defendants have knowingly and intentionally confined Plaintiff to a Prison environment known to unconstitutionally dangerous and hostile

# COUNT - II

the Acts And Omissions of the named defendants As described in the Within Complaint have denied And continue to deny Plaintiff of his Eighth Amendment Rights to be Free From Cruel and Unusual Punishment. In that defendants have Willfully and Maliciously Confined Plaintiff to an Unsafe, dangerous and life threatening Prison environment and deliberatelly Refused to Relocated him from said dangerous Prison system

# COUNT - III

the Acts And Omissions of the named defendants As described in the Within Complaint Constitutes Willful deliberate indifference to the Risk that the Plaintiff has suffered and will continue to suffer serious Physical injuries or death at the hands of Virginia Prison guards in violation of the Plaintiff's Eighth Amendment Rights.

# RELIEF REQUESTED

A) that this Court issue an order directing the RIDOC defendant to immediately arrange to have Plaintiff Relocated Outside of Virginia jurisdiction.

B) that the Plaintiff be awarded fifty thousands dollars ($50,000.00), in compensatory damages as against the individual defendants jointly and severally.

C) that Plaintiff be awarded fifty thousand dollars ($50,000.00), in punitive damages as against the individual defendants jointly and severally.

D) that Plaintiff be awarded attorney's fees and litigation costs as against the defendants jointly and severally, pursuant to 42 USC 1988.

E) that Plaintiff be awarded interest and costs along with such other and further relief.

Respectfully submitted

[signature]

Bernardo Figueroa
# 272832
Red Onion State Prison
P.O. - Box 1900
Pound Virginia 24279

CERTIFICATE OF SERVICE

The undersigned hereby certifies that

ON this day OF August 2004. A true
COPY OF the Within Civil Right action
Was mailed to defendant A.T. Wall At the
RIDOC 40 Howard Avenue Cranston RI 02920
And defendant J.A. DiNitto at RIDO.
Classification Department ISC. P.O. Box 8249
Cranston R.I. 02920

[signature]